## LOUSSADÈ, *vs.* HARTMAN ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Trespassers are jointly liable in actions of tort; and where there are several trespassers, they must all be joined in the same action, and judgment entered in relation to all; and if against them, each one is condemned for his proportion of the damages.

So, where four persons were sued as co-trespassers for killing or causing the death of a slave, and judgment taken against two only : *Held*, that the judgment was erroneous in not including all, and against each one for his proportion of the plaintiff's damages; and judgment of non-suit was rendered.

This is an action for damages, in which the plaintiff seeks to recover the value of a slave, which he alleges was killed, or his death caused by the conduct of the defendants.

The plaintiff shows that his slave Sandy, was on his way to and near the house of a neighbor, on the 2d April, 1836, where he had written permission to go every evening to see his wife and children ; and that, at about the hour of 10 o'clock, he was arrested on his neighbor's premises by the defendants Hartman, Theriot, Bemiss and Vining, who called themselves a patrol. That his said boy had his written pass which he showed, but the defendants persisted in whipping and punishing him without any just cause ; and in the struggle which ensued, Sandy escaped and run towards the Bayou Teche, which was about one hundred yards or so from the house where he stopped. The defendants pursued him to the Bayou, threatening to kill him, when, being hotly pursued, he threw himself into the Bayou, to avoid being taken, and was drowned.

The plaintiff further alleges, that the defendants are liable

for the value of said slave, who was a good mechanic and carpenter, and worth three thousand dollars. He prays judgment against said defendants, for their illegal conduct in causing the death of his slave, for his value.

Hartman and Theriot, two of the defendants, pleaded the general issue and justified their conduct. They averred that they were doing the duties of patrol in the neighborhood of one Manuel Delukie's, under the direction of their leader, and came upon this negro at Delukie's and demanded his pass, which after much insolence the negro produced, and it was pronounced by the patrol not to be legal; he was ordered to be whipped, when he broke away and run into a back-room. One of the party went in after him, when the captain called to him to stop and not further trouble the negro, when the person replied no damned negro should run over him. Sandy broke and run into the Bayou; and one of the defendants took a pirogue, and attempted to save him from drowning, but was unable to do so. The defendant, Hartman, did not pursue the slave. They pray that the plaintiff's demand be rejected.

There was an amended petition, correcting an error in relation to one of the defendants, substituting the name of Darwin Bemiss instead of J. B. Bemiss, who was originally sued. Neither D. Bemiss or Vining were cited.

Upon these issues and pleadings the cause was tried before the court and a jury.

There were several witnesses examined, touching the conduct of the defendants and the manner in which the slave was lost.

Upon the whole evidence of the case, the jury returned a verdict for the plaintiff in the sum of one thousand dollars, and after an unsuccessful effort to obtain a new trial, from judgment thereon, 'against Hartman and Theriot, they appealed.

*Morse,* for the plaintiff and appellee.

*T. H.* and *W. B. Lewis,* for the defendants.

*Martin, J.*, delivered the opinion of the court.

WESTERN DIST.
*September*, 1840.

LOUSSADE
*vs.*
HARTMAN EL AL.

This is an action against Hartman, Theriot, Bemiss, and Vining, to recover the price of a slave, drowned in consequence of an illegal act of the defendants. In an amended petition the plaintiff stated that John B. Bemiss had been, through error, made a defendant, instead of Darwin Bemiss, and prayed that the error might be corrected, and the latter cited; and that he might have the remedy against him, which he had prayed for against the former; but said Darwin Bemiss was never cited, nor was the defendant Vining, or any curator appointed to represent them.

There was a joint judgment against Hartman and Theriot, and they appealed.

The legislature has given us no direction for the prosecution of suits on joint obligations arising from torts; but they have *on those* resulting from contracts. The Louisiana Code says, that "in every suit or joint *contract*, all the obligors must be made defendants, and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are by law presumed to have done so." *Article* 2080. And when one of the joint obligors has discharged or performed his part of the contract, he is still required to be made a defendant to the suit. *Idem.*, 2082.

The appellants contend that, in the present case, the suit is brought against four defendants, *in solido*, on an obligation resulting from a tort; while on such obligations the code gives a *joint action only. Louisiana Code, article* 2304. The judgment is joint, and it is against two of the defendants only; and, therefore, the action must be considered a joint one. The judgment is consequently erroneous, because the petition charges that a trespass was committed by four persons, from which the law raises a joint obligation against all, and not a several one: For on joint obligations judgment must be given against each defendant for his proportion, which is regulated by the number of obligors.

It has been urged that the part of the Louisiana Code, relating to joint obligations, on which the counsel for the

*(margin note: Trespassers are jointly liable in actions of tort: and where there are several trespassers they must all be joined in the same action, and judgment entered in relation to all; and if against them, each one is condemned for his proportion of the damages.)*

WESTERN DIST.
September, 1840.

So, where four persons were sued as co-trespassers, for killing, or causing the death of a slave, and judgment taken against two only: *Held,* that the judgment was erroneous in not including *all;* and against each one for his proportion of the plaintiff's damages; and judgment of non-suit was rendered.

appellants rely, is to be found in the chapter which treats of conventional obligations and ought not to be extended to obligations resulting from torts.

We are of opinion, that being without a rule given us by the legislature for the prosecution of joint actions, on obligations arising from trespasses, we cannot resort to an arbitrary one, but are bound to adopt *that* given in cases that have the greatest analogy to the one before us. Now, suits in actions on joint obligations resulting from contracts, have the greatest analogy to suits on joint obligations arising from trespasses. We, therefore, adopt the rule in the code, relative to conventional obligations. According to this rule, the judgment cannot stand, because it is not against each of the defendants and appellants for his proportion of the plaintiff's damages, and because their co-trespassers are not included in the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment against the plaintiff, as in case of non-suit, with costs in both courts.