WALWORTH<br><i>v.</i><br>ROUTH.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## R. R. BARROW *v.* E. G. ROBICHAUX.

<div style="text-align:right">14  207<br>114  609</div>

Where it was alleged that the clerk retiring from office had forfeited his fees by failing to file an explicit fee bill within the term prescribed by the statute—*Held:* That the allegation, although of a negative character, must be proved.

The law requiring that the clerks shall endorse upon or annex to all writs of *fieri facias* issued by them, specific bills of the taxed costs, is directory, and no penalty is incurred for the non-observance of the requirement.

When there has been an error committed in issuing a writ of *fieri facias* for more than the plaintiff is entitled to under the judgment, the right to enjoin is limited to the amount for which it has erroneously issued.

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J.
*F. S. Goode*, for plaintiff. *Beatty & Bush*, for defendant and appellant.

LAND, J. This is an injunction suit to restrain the sale of certain property seized by the Sheriff in virtue of a writ of *fieri facias.*

In 1855, after a protracted litigation, *John McDonald* obtained judgment on three promissory notes, in the parish of Terrebonne, against *Robert R. Barrow*, the plaintiff, for the sum of five thousand dollars, with five per cent. interest.

After an appeal to this court by *Barrow*, and the affirmance of the judgment, *John McDonald*, in 1858, caused a writ of *fieri facias* to issue on his judgment, directed to the Sheriff of the parish of Lafourche, who proceeded to execute the same, by seizing and advertising for sale the plaintiff's property situate in that parish.

*R. R. Barrow* filed his petition, and obtained an injunction inhibiting the Sheriff from selling the property seized under the writ.

He alleges in his petition six different grounds for injunction, as follows :

First. That the writ issued for a large amount of costs, the greater part of which was due to a former clerk and two former Sheriffs, who had retired from office without filing or presenting specific fee bills, as required by law ; and that the clerk in office had neglected to endorse on the writ specific bills of the taxed costs, and that said costs were therefore forfeited, and could not be collected.

Section 3 of the Act of 1855, p 162, provides, that whenever a Sheriff or Clerk shall retire from office, he shall cause to be filed with the proceeding in which he may be entitled to costs, within twenty days, specific bills of his fees ; and in default thereof, or if any item shall be overcharged, the same shall be forfeited, and such Sheriff or Clerk forever barred from collecting the same.

Under this section of the Act, the fees of the retired Clerk and Sheriffs have been forfeited if the fact be true, as alleged by the plaintiff, that they failed to file explicit fee bills within the twenty days prescribed by the statute. But the plaintiff has failed to prove this fact, which was susceptible of proof by him, although of a negative character, and which was material to his case. It is a fact which

BARROW
v.
ROBICHAUX.

the court cannot presume against the retired officers of the court, who are not parties to this suit. The fee bills are required to be *filed in court*, and it was not more difficult for plaintiff to prove *they had not been filed*, than to prove there is no act of sale or mortgage of record, which the law frequently requires.

The fifth section of the same act provides, that the Clerks of the District Courts shall endorse upon, or annex to all writs of *fieri facias* issued by them, specific bills of the taxed costs. No penalty however is declared for the non-observance of this section of the Act.

This section, therefore, must be considered. directory, as this court has no power to declare rights forfeited, in the absence of express legal authority.

Secondly. That the writ was not made returnable, in not less than thirty, and more than seventy days. The writ was issued on the 15th day of April, 1858, and made returnable within seventy days. It was received on the 21st of April thereafter, by the Sheriff of Lafourche, who seized under it the property of plaintiff on the 28th of same month.

This objection was insufficient to arrest the execution of the judgment.

Thirdly. That the description of the property in the Sheriff's advertisements was incorrect and uncertain. If there was any inaccuracy in the description of the property, it is not shown by the evidence. The certainty of the description is sufficient. The statement of every material circumstance of identity was made by the Sheriff.

Fourthly. That the property seized belonged to an ordinary partnership engaged in the cultivation of sugar, and that *plaintiff's interest* in the partnership property could not be legally sold.

This, as a proposition of law, is wholly untenable. C. C. 2794.

Fifthly. That the advertisements did not mention correctly the title of the cause, or of the court, from which the writ issued. The title of the cause is fully stated in the margin, and the title of the court in the body of the advertisements. This was sufficient.

Sixthly. That the writ did not follow the judgment, in this, that the judgment gave only five per cent. interest, and the writ was issued for eight per cent. thereon. For this difference in the interest, the plaintiff was entitled to an injunction, but for nothing more.

Where the ground of injunction is compensation or subsequent payment, the right of injunction is expressly limited to the amount pleaded in compensation or payment, and reason and public policy require that the same rule should be extended to cases of error or mistake, committed by the officers of court, in issuing writs of *fieri facias*, and the right to enjoin, be limited to the amount occasioned by the error of the officer, and not suffered to extend to the whole judgment. Acts 1855, sec. 4, p. 324.

It is, therefore, the opinion of the court, that the injunction issued in this case, restraining the execution of the *whole judgment*, was improperly obtained, and was an abuse of the equitable remedy of the writ.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended so far as it perpetuated the injunction, as to the costs endorsed upon the writ, and reserved the right of *John McDonald* to enforce and collect the same, and that said injunction, as to said costs, be dissolved, and that the Sheriff proceed to make the same according to law, and that said judgment, in all other respects, be affirmed, and that the plaintiff pay the costs of this appeal.