## No. 4710.

COMMISSIONERS OF IMMIGRATION *v.* C. L. BRANDT et als.

The second section of the immigration law of the State, enacted March, 1869, and re-enacted in the Revised Statutes of 1870, section 1722, is not in conflict with the constitution of the United States, which gives to Congress the exclusive right to regulate commerce with foreign nations and among the several States and with the Indian tribes. The State law in question is not a regulation of commerce between foreign nations, but a police regulation which the State may properly adopt for the protection of its own citizens.

In regard to the bonds exacted by said immigration law, their execution can not be enforced, no penalty being prescribed for refusal to execute them.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Sam. R. & C. L. Walker*, for plaintiffs and appellants. *William H. Hunt, E. W. Huntington* and *Charles M. Emerson*, for defendants and appellees.

TALIAFERRO, J. The Commissioners of Immigration, a body duly incorporated by the laws of Louisiana, sue the defendants—master, owners and consignees of the North German steamship Saxonia, a foreign vessel plying between the ports of New Orleans and Hamburg— for the amount of penalty imposed for violation of the provisions of the second section of the act of March 8, 1869, and re-enacted, Revised Statutes, 1870, section 1722. By that section of the act it is made the duty of the master and commander of any vessel coming from any State of the United States other than the State of Louisiana, or from any foreign country, to make a report under oath to the Commissioners of Immigration or their agent, which shall contain the names, ages, nationalities, condition, description, etc., of every passenger landed at this port and coming from such other State or foreign country, within twenty-four hours after arrival in port, and in case of failure on the part of the master or commander to report according to law, a penalty of $100 is imposed by the law in the case of each and every passenger landed and neglected to be reported.

The steamship Saxonia, Captain Brandt, arrived at the port of New Orleans on or about the fourth day of January, 1873, and landed one

hundred and sixty-four alien passengers, and failed to make the report required by law. It is established that the report which was furnished by the board of commissioners to the Saxonia was lodged in the Customhouse, and that the agent of the board obtained from the consignees, Williams, Ruperti & Co., an informal list, unsigned and not sworn to. The plaintiff further seeks in this action to compel the execution of the bonds required by the third section of said act (Revised Statutes of 1870, section 1723), by which the owners and consignees are required, in case they do not choose to commute within twenty-four hours by paying the sum therein stipulated, which bonds are required in order to secure the State, cities and parishes, that the immigrants will not become a burden upon the communities where they may remain.

To these demands the defendants oppose the following answer and exceptions: That the section of the act under which the plaintiff demands the bonds in question is merely directory, without sanction or penalty, and can not be enforced; that the exaction of said bonds is without cause or consideration, and in hostility to the inalienable rights of defendants, and therefore illegal and unconstitutional; that the said section conflicts with article 114 of the State constitution, because its object is not expressed in the title of the act; that the act of the Legislature under which these claims are set up against the defendants is repugnant to and violative of sections eight and ten of the first article of the constitution of the United States and to the laws of Congress made in pursuance thereof, and that on the same ground the required bonds are without force.

In the court below it was decided that the law requiring bonds is inoperative, as it affixes no penalty for a refusal to give them. The court did not pass upon the money demand, $100 for each passenger not reported. The case was dismissed at plaintiffs' costs, and they have appealed.

In regard to the bonds we concur with the judge a quo that their execution can not be enforced, no penalty being prescribed for a refusal to execute them. 14 An. 207; 7 Rob. 219.

We regard the immigration law of the State as not being in conflict with the constitution of the United States, which gives to Congress the exclusive right "to regulate commerce with foreign nations and among the several States and with the Indian tribes." We consider the State law in question not as a regulation of commerce between foreign nations, but a police regulation which the State may properly adopt to prevent the introduction among its own citizens of a destitute and helpless class of foreign population, without some security or indemnity against persons of that class becoming a charge upon the

people of the State to maintain and support. That a State may make such a provision for the protection of its own citizens, we think well established. 7 Howard 523; 16 Peters 625; 5 Howard 471.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, so far as it declares the law requiring bonds to be furnished by the defendants inoperative, be confirmed, but in all other respects that it be annulled, avoided and reversed. It is further ordered that plaintiffs recover from the defendants the amount claimed as the penalty incurred by the defendants for not reporting, as required by law, the number of alien passengers brought into the State on board the steamship Saxonia, on or about the fourth of January, 1873, viz: the sum of $16,400 and all costs of suit.

Rehearing refused.