(80 South. 256)

No. 21610.

SWAIN v. GLOBE LUMBER CO., Limited.

(Oct. 18, 1915. On the Merits, Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⬡═507—SHOWING OF MOTION FOR APPEAL BY MINUTES.

Where the minutes show that an appeal was granted, the appeal is not subject to dismissal on the ground that the minutes do not show that motion for appeal was made, a matter appearing inferentially.

2. APPEAL AND ERROR ⬡═397—GRANT OF APPEAL IN OPEN COURT—CITATION OF WARRANTOR.

Where an appeal was granted in open court, no further citation of the warrantor was necessary.

On the Merits.

3. ADVERSE POSSESSION ⬡═74 — THIRTY YEARS' PRESCRIPTION—POSSESSION OF LAND UNDER JUDICIAL SALE.

Where plaintiff's land was sold to satisfy mortgages, and the land was adjudicated to defendant's remote predecessor, whose possession began in 1879, defendant's plea of 30 years' prescription in plaintiff's petitory action, begun in 1914, was properly sustained.

4. ADVERSE POSSESSION ⬡═84—PRESCRIPTION —DEFECT IN TITLE.

A purchaser of realty from one who himself or his predecessors had held by good, valid, and binding titles, duly recorded, for more than 10 years, *held* protected by the term of 10 years' prescription against the original owner of the land, who had lost it by mortgage foreclosure; the fact that purchaser's predecessor warranted title to it only during his life not showing bad faith on part of purchaser.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Petitory action by James Swain against the Globe Lumber Company, Limited. From judgment for defendant, plaintiff appeals. Affirmed.

Nettles & O'Quinn and Stephens & Raphiel, all of Coushatta, for appellant.

Scheen & Blanchard, of Shreveport, for appellee.

On Motion to Dismiss Appeal.

PROVOSTY, J. [1] The minutes in this case read:

"Judgment read signed and filed, see decree. Motion for new trial filed and overruled, orders for appeal granted plaintiff returnable to the Honorable Supreme Court at New Orleans, La., on August 30, 1915. Devolutive appeal bond fixed in the sum of $200. Suspensive appeal bond fixed as by law directed."

The minutes contain no recital of a motion for an appeal having been made in open court; and appellee moves to dismiss the appeal on the ground that the minutes must, under penalty of dismissal, show that a motion for an appeal was made.

In support of this, appellee cites the case of Friscoville Realty Co. v. Parish of St. Bernard, 124 La. 589, 50 South. 590, where a mandamus was asked of this court to compel the trial judge to grant an appeal which had not been applied for either by motion in open court or by petition, but over the telephone, and where this court refused the mandamus, because the proceedings in a court of record cannot be conducted by telephone.

We see no analogy between the two cases. In the present case the minutes show that the appeal was granted. This shows that it was applied for, since it would hardly have been granted if not applied for.

[2] Another ground of the motion to dismiss is that the warrantor was not cited.

The appeal having been granted in open court, no further citation was necessary.

The motion to dismiss is denied.

## On the Merits.

SOMMERVILLE, J. This is a petitory action coupled with a demand for the value of timber alleged to have been cut by the defendant. The demand for the value of the cut timber was abandoned, according to the brief of the plaintiff.

The defendant answered that it had a good and valid title to the land, and pleaded 10 and 30 years' prescription.

There was judgment in favor of defendant, apparently sustaining one or both pleas of prescription, and plaintiff has appealed.

Plaintiff offered in evidence his title, acquired January 7, 1876, from Edward C. De Bruhl, and rested his case. Plaintiff bought partly for cash and partly on credit; the credit portion being represented by his notes, secured by mortgage.

Defendant offered in evidence the petition of Joel Brewer, filed October 9, 1879, against Swain, plaintiff, alleging that he was the holder of two of the unpaid mortgage notes, and asking that the mortgage be recognized and the property ordered sold to satisfy the mortgage. It also offered the judgment ordering the sale of the property to satisfy the mortgage, dated November 13, 1879.

The procès verbal of the sale of the land by the sheriff is missing from the record, and no transfer appears to have been registered at the time.

Defendant offered parol testimony to prove that the sheriff had offered the property at auction, and that it had been adjudicated by him to Joel Brewer, the plaintiff in the suit on the mortgage notes, under the ruling announced in Landry v. Laplos, 113 La. 697, 37 South. 606; but the objection of plaintiff to parol being received was sustained, and it is not in the record.

[3] Nevertheless, defendant showed that Swain, the former owner, a colored man, was in possession of the place in the fall of 1878, when he left it. Shortly thereafter he went to Texas, and he had not been in that section of the country since. Plaintiff did not take the witness stand in his own behalf. Defendant also showed that Joel Brewer, the holder of the unpaid mortgage notes, representing parts of the purchase price of the property, was in actual, physical possession of the place as owner in 1879, and that he continued in possession, through tenants, who cultivated it and lived in the house standing thereon, until his (Brewer's) death. The time that Brewer claimed and possessed the property as owner, shown to have begun in 1879, was more than 30 years prior to the filing of this suit by Swain, in 1914. During all of that time Brewer's possession, together with that of subsequent possessions, was public and unequivocal, under titles as owners. It was continuous and uninterrupted. There was a house thereon, occupied by owners or tenants, and the land was cultivated, until 1906, when defendant cut a log way and put a spur on it. The prescription of 30 years was properly sustained.

Defendant then offered its chain of title from the widow of Joel Brewer to William Kennington, February 27, 1891; William Kennington to George M. Kennington, February 15, 1896; sheriff's deed, George M. Kennington to P. L. Collins, curator of succession of Brewer, February 10, 1898; sheriff's deed, succession of Brewer to J. M. Elliot, December 26, 1900; J. M. T. Elliot to P. L. Collins, January 7, 1901; P. L. Collins to the Long Bell Lumber Company, August 21, 1902; the Long Bell Lumber Company to the Globe Lumber Company, Limited, November 1, 1902, the last named being the defendant in the suit, and the present holder of the property.

[4] All of these titles contained full warranties, the sales were for just prices, and they were all registered. The only exception was the title from Collins to the Long Bell Lumber Company in 1901, the warranty clause in which reads, "with full warranty of title during my life."

It is argued by plaintiff that the above limited warranty, during the life of Collins, suggested to the purchaser, the Long Bell Lumber Company, that there was a defect in the title of Collins, and that the latter accepted the title in bad faith. It is hard to say what Collins meant by the limitation in the warranty clause in the deed, but the purchaser had the titles examined by counsel who were satisfied with them, and the purchaser accepted the title. Collins and his ancestors in title had held by good, valid, and binding titles duly recorded, for more than 10 years, ever since 1891, and the purchaser was protected by the term of 10 years' prescription. All of the intervening purchasers appear to have held in good faith and by just and legal titles.

Besides, as has been seen, the purchaser had the prescriptive term of 30 years to look forward to, which would run in a few years. It had run prior to the filing of this suit in 1914. Swain, the former owner, was sold out in 1879, and he left the place and had not been heard from since a short time thereafter; and there were witnesses to prove that Brewer had openly possessed the land as owner since 1879, and that the house on the land had been occupied by tenants of Brewer, and the ground had been cultivated by them, for many consecutive years since 1879. We think that defendant and its authors in title to the land held under just titles, and that they acted in good faith, and that the plea of prescription of 10 years was properly sustained.

The judgment appealed from is affirmed, at plaintiff's cost.