**(127 So. 604)**

**GARDINER v. ERSKINE et al.**

No. 29975.

July 8, 1929.

On the Merits, March 5, 1930.

Rehearing Denied March 31, 1930.

Oliver S. Livaudais and Wm. Winans Wall, both of New Orleans, for appellant.

Charles F. Borah, of Franklin, and L. H. Perez, of New Orleans, for appellees.

On Motion to Dismiss Appeal.

ROGERS, J.

. This is an appeal by plaintiff from a judgment sustaining a plea to the jurisdiction of the court ratione personæ filed by two of the defendants.. Appellees move to dismiss the appeal alleging that it was not applied for and granted in their presence in open court; that the motion for the appeal does not ask for citation of the appellees, nor were they cited; and that the failure of the appellant to ask that appellees be cited, and to have them served with citations, is fatal to their appeal.

The allegations of the motion to dismiss are not borne out by the record. The judgment appealed from was rendered and signed in the court below on March 8, 1929. The appeal was granted on the written motion of the appellant on March 18, 1929. The minutes of the court for that day show the following entry in the case, viz.:

"It is ordered that a devolutive and suspensive appeal be granted to the said Mary Alice Gardiner, returnable to the Supreme Court of the State of Louisiana, on the 6th day of May, 1929, upon mover furnishing bond, with good and solvent surety in the sum of Two Hundred ($200.00) Dollars."

While the minutes do not recite that the motion for the appeal was made in open court, they do show that the appeal was granted in open court... The presumption is, therefore, that the motion itself was made in open court. Swain v. Lumber Co., 144 La. 207, 80 So. 256; Washburn v. Frank, 31 La. Ann. 427; Gaidry v. Lyons, 29 La. Ann. 4. And the appeal having been granted in open court no citation of the appellees was necessary. Succession of Williams; 156 La. 704, 101 So. 113; James v. Hotel Co., 145 La. 1004, 83 So. 222; Swain v. Lumber Co., 144 La. 207, 80 So. 256; Fredrick v. Marx Picture Frame Co., 127 La. 149, 53 So. 474; Guy v. McDuffie, 123 La. 641, 49 So. 222; Glain v. Sparandeo, 119 La. 339, 44 So. 120;

Randolph v. Sentilles, 110 La. 419, 34 So. 587. We know of no law, and have been referred to none, that requires an appeal to be taken in the presence of the appellee.

Appellees cite, in support of their motion to dismiss, the cases of Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864 and Palmisano v. Bonner, 167 La. 1014, 120 So. 630. There is no analogy between the cited cases and the one at bar. In the first of the cited cases the record showed that the appeal was applied for and granted in chambers and not in open court. In the second of the cited cases the record showed that while the appeal was moved for and granted in open court, this was done at a term different from the term in which the judgment appealed from was rendered.

For the reasons assigned, the motion to dismiss the appeal herein is denied.

### On the Merits.

O'NIELL, C. J.

This is an action for damages alleged to have been caused by the wrongful institution and prosecution of the suit of the five Erskine heirs against the present plaintiff, in which a writ of injunction was obtained by the plaintiffs and was afterwards dissolved by the decree of this court. See Erskine et al. v. Gardiner, 162 La. 83, 110 So. 97. The present suit was brought against the five Erskines and two other parties, both of whom signed as sureties the bond given by the Erskines for obtaining the temporary restraining order, and one of whom signed also the injunction bond, in the suit of Erskine et al. v. Gardiner. It is alleged in the petition in the present suit that the two defendants, other than the Erskines, were the instigators and the real prosecutors of the injunction suit which is alleged to have caused the dam-

ages claimed in this suit. The prayer of the petition is for a judgment against the seven defendants in solido.

This suit was brought in the parish in which the Erskines have their domicile. The two other defendants, being domiciled in another parish, filed a plea to the jurisdiction of the court, ratione personæ. The plea was sustained and the suit dismissed as to these two defendants; and the plaintiff has appealed from the judgment of dismissal.

The only question is whether a suit for damages against two or more persons who reside in different parishes, and who are sued as joint tort feasors, and who, therefore, if they are liable at all for damages, are liable in solido, may be brought at the domicile of any one of them. If either of the two defendants, who excepted to the jurisdiction of the court, in this case, is liable at all for damages, the other defendants, the Erskines, who reside within the jurisdiction of the district court, are liable in solido with him. The liability of one who aids or encourages another to do a wrongful act, if there is any liability for damages resulting from the wrongful act, is a liability in solido with the one who committed the act. Rev. Civ. Code, art. 2324.

The sixth paragraph of article 165 of the Code of Practice provides: "When the defendants are joint or solidary obligors, they may be cited at the domicile of any one of them."

In Joseph Rathborne Lumber Co. v. Cooper et al., 164 La. 502, 114 So. 112, which is the latest ruling on this subject, it was held that the sixth paragraph of article 165 of the Code of Practice was applicable to an action for damages against joint tort feasors, as well as to a suit on a contractual obligation, and that an action for damages, ex delicto, against two

or more cotrespassers residing in different parishes, might be brought properly at the domicile of any one of them, even though it was not in the parish in which the trespass was committed. The court had held previously, in King v. Wm. J. Burns International Detective Agency, 151 La. 211, 91 So. 681, that the sixth paragraph of article 165 of the Code of Practice was applicable only to suits on conventional obligations, and not to suits against joint tort feasors for damages arising ex delicto; but that decision was overruled by the decision in the Rathborne Lumber Company's Case, as shown by the reason for which one of the justices dissented (another concurring in the decree only) in the latter case. It is true that, in Lagrone v. Brown et al., 161 La. 784, page 787, 109 So. 490, it was said that it might be conceded that, if the action could be regarded as one for damages arising ex delicto, it would be governed by the ruling in King v. Burns Detective Agency; but, as the majority of the members of the court did not then regard the Lagrone Case as an action for damages arising ex delicto, the reference to the King Case was not decisive of anything on the subject.

Article 2324 of the Civil Code, which was article 2304 of the Code of 1825, was originally translated erroneously from the french text, so that it made joint tort-feasors liable in damages only jointly, and not in solido. The error was corrected by Act 20 of 1844, p. 14, declaring: "That the Article two thousand three hundred and four of the Civil Code be and it is hereby so amended as to make the English of said Article correspond with the French, and so as to make co-trespassers liable in solido." The correction was carried out in the revision of the Code of 1870. In the case of Loussade v. Hartman et al., 16 La. 117, decided in 1840, the question was whether the provision in the Code, which

was then article 2080 and is now article 2085, requiring that, in suits against joint obligors, all parties to the obligation should be made parties defendant, was applicable to a suit against joint tort-feasors; and the ruling was that, as the Code made no distinction in that respect between joint obligations arising ex contractu and joint obligations arising ex delicto, the court could make no such distinction.

We shall abide by the ruling made in Joseph Rathborne Lumber Co. v. Cooper, which is the most recent decision on the subject. If we are wrong in construing the sixth paragraph of article 165 of the Code of Practice literally, in connection with article 2324 of the Civil Code, the Legislature will soon have an opportunity to amend the law on the subject.

The judgment appealed from is reversed, the pleas to the jurisdiction of the district court, ratione personæ, are overruled, and the case is ordered remanded to the district court for further proceedings. The costs of this appeal are to be borne by the appellees, Perez and Shilstone. The question of liability for other court costs depends upon the final judgment to be rendered in the case.