**GRAY et al. v. HARTFORD ACCIDENT & INDEMNITY CO. (ROBISON et al., Third-Party Defendants).**

No. 190.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 2, 1940.

Chandler & Chandler and H. M. Holder, all of Shreveport, La., for plaintiffs.

Dimick & Hamilton, of Shreveport, La., for defendant and third-party plaintiff.

Hollingsworth B. Barret, of Shreveport, La., for third-party defendants.

PORTERIE, District Judge.

On September 10, 1938, an automobile being driven and owned by Mr. J. A. Robison, with whom were riding Mrs. J. A. Robison and Mrs. Octa Whitfield Gray, collided with a truck of the Rothschild Boiler Works, being driven by one of its employees, with whom no one was riding. Mr. J. A. Robison carried public liability insurance with the Aetna Insurance Company and the Rothschild Boiler Works carried protection with the Hartford Accident and Indemnity Company.

Suit was filed by Mrs. Robison and Mrs. Gray against the Hartford Accident and Indemnity Company in the First District Court of Louisiana. The Hartford Company removed the case to the Federal court—diversity of citizenship. Then the Hartford Company filed a third-party complaint, under Rule 14, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, alleging that "the accident was caused solely by the negligence of J. A. Robison, who was the owner and operator of the car in which plaintiffs were riding, and who negligently drove the said motor vehicle into the automobile truck of B. A. Rothschild, defendant's insured."; also, alleging further "In the alternative, if the said accident was not caused solely by the negligence of J. A. Robison, the negligence of the said J. A. Robison was a proximate cause of the said accident and he was and is a joint tort feasor."; and finally alleging further "The said plaintiffs have a like claim against the Aetna Casualty and Surety Company under the terms of its policy issued to Robison and by virtue of the laws of the State of Louisiana, and particularly Act 253 of 1918 and Act 55 of 1930, which accord to an injured person a right of action against a liability insurer."; and, consequently, praying to have Mr. Robison and the Aetna Casualty and Surety Company made third-party defendants.

Then, Mrs. Robison and Mrs. Gray, original plaintiffs, jointly moved for an order revoking and rescinding the previous order of the court bringing third-party defendants into the action because (1) there is no authority for such a procedure, (2) if there be authority for such procedure, defendant is not entitled to employ it, for the reason that under the law of Louisiana, there is no right of contribution among joint tort-feasors, and (3) an allowance of such a pleading retards unduly the main action of plaintiffs.

There was a hearing, oral arguments were had and were followed by briefs.

The dominant portion of Rule 14 is as follows:

"Rule 14. Third-Party Practice

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * *"* (Italics supplied)

We quote the remaining portion of the rule to show its dragnet provisions, clearly indicative of the purpose of the writers of the rule to encompass any and all diversified ramifications growing out of or connected with any cause of action: " * * * If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counter-claims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

The italicized part of the first quoted portion of the rule: "who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him" gives no difficulty as to its meaning. It is quite obvious that the original defendant, Hartford Company, may convert itself into what the rule denominates the third-party plaintiff and by motion, authorized by the court, even though ex parte, make the two new parties, Mr. J. A. Robison and the Aetna Insurance Company, what the rule designates as third-party defendants. We must remember that the allegation of the Hartford Accident and Indemnity Company in its third-party complaint motion is to the effect that these two new parties brought into the suit are "liable to * * * the plaintiff for all * * * of the plaintiff's claim against him." We, therefore, overrule the motion on its first contention that there is "no authority for such a procedure."

The court, however, must go further and consider the very learned point made by Mrs. Robison and Mrs. Gray in their motion to revoke the order of the court. The argument is that Rule 14 is essentially procedural in character and it should not be used, as is sought in the instant case, under the guise of procedural relief to change the substantive law of the state of Louisiana. The substantive law asserted is that there is no right of contribution among joint tort-feasors in Louisiana, citing Quatray v. Wicker, 1933, 178 La. 289, 151 So. 208, 210. We take exception unqualifiedly; the substantive law is just to the contrary; and the case, we believe, holds with our view.

In the instant case, the result to be declared under Rule 14, if the third-party defendants prove upon trial to be joint tort-feasors with the defendant, will be to condemn them in the judgment with the defendant, in solido.

We subscribe to the following quotation taken from mover's brief and being from the Quatray case, to-wit: "Sincer v. [Heirs of] Bell [47 La.Ann. 1548, 18 So. 755], therefore, is authority for the proposition that one of two joint tort-feasors who has been judicially compelled to pay for the damages committed by them jointly has not a right of action against the other of the two joint tort-feasors who has not been judicially condemned to pay the damages. *But Sincer v. Bell is not appropriate to a case where two joint tort-*feasors *have been judicially condemned, in solido, to pay damages, and one of them has paid the judgment and demands contribution.* * * *" (Italics supplied by this court)

After reading the italicized passage above, it is clear that Sincer v. [Heirs of] Bell, 47 La.Ann. 1548, 18 So. 755, is not a case for mover. The sentence following the above quotation sustains this view (Quatray v. Wicker, 178 La. 289, 151 So. at page 210): "* * * Whether the doctrine of Sincer v. Bell can be reconciled with the rule in Louisiana that the liability of joint tort-feasors for damages is a solidary liability is a matter which does not concern us in the present case."

The main syllabus of the Sincer v. Bell case is a correct exposition of its legal content. We quote it here, making our own italicization of the part which, we think, weakens its legal meaning (47 La. Ann. 1548, 18 So. 755): "The liability arising from negligence constituting the offense or quasi offense is to the injured party, but creates no liability, one to the other, of those to whom the negligence is imputed. Hence, if one of the wrongdoers pays the resulting damage, he thereby acquires no right of action against the other; *least of all, if he has settled with the injured party, and been discharged from all liability.*"

Moreover, and finally, the following language from the Quatray case qualifies definitely the holding of Sincer v. Bell, (178 La. 289, 151 So. at page 211): "* * * the necessary consequence is that the one of the joint tort-feasors who is compelled to pay the damages may demand contribution from the other or others. See, also, Baudry-Lacantinerie, Droit Civil (2d Ed.), vol. XII, p. 390, § 1305; Planoil et Ripert, Droit Civil, vol. 6, p. 930, § 687; Pothier on Obligations, vol. 1, p. 282; Evans' Translation, p. 245."

Here is what the Quatray case really says (178 La. 289, 151 So. at page 211): "We must bear in mind that, in Louisiana, the liability of joint tort-feasors for damages resulting from their concurrent negligence or wrongdoing is a solidary liability. The French commentators agree that the right to demand contribution, between or among joint tort-feasors, is a necessary consequence of the law which makes the liability of joint tort-feasors a solidary liability."

We make a literal translation of the concluding paragraph from Pothier, Traité des obligations I (nouvelle éd. 1821), Part II, Chapter III, § VI, "Of the actions which the solidary debtor who has paid without subrogation may have for himself against his co-debtors"—No. 282 at p. 272: "Our French practice * * * allows in this case an action to him who has paid the whole, against each one of his co-debtors, to claim from each his share. See Papon, 1. 24, t. 12, n. 4. This action is not born of the wrong committed together; * * * it is born of the payment which the one has made of a debt which was common to him with his co-debtors; and (it is born) of the equity, which does not permit his co-debtors to profit at his expense of the liberation from a debt as to which they were held as well as he. It is a species of action utilis negotiorum gestorum, founded upon the same reasons of equity on which is founded the action which we give in our jurisprudence to the endorser who has paid against his co-endorsers. * * *"

Our comment is that in this case there are two legal concepts born. The first is the solidary legal liability of joint tort-feasors to repair the injury to a third person, caused by their wrongdoing, born at the very time of the commission of the wrong. The second, the one contained in the Pothier paragraph, is the right to contribution born at the time of payment by one joint tort-feasor for the debt of the others judicially declared solidarily liable with him.

The Civil Code of Louisiana, Article 2324, says: "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

This article embodies the first legal concept; the words "in solido" in the article embody the second legal concept, that is, when an obligor in solido discharges the whole obligation, his co-obligors must contribute prorata to him.

For exact elaboration, we quote Article 2104 of the Code:

"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.

"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent co-

debtors and him who has made the payment."

Again, the conclusion of the Quatray case is as follows (178 La. 289, 151 So. at pages 211, 212):

"In Louisiana the liability of joint tort-feasors is made a solidary liability by article 2324 of the Civil Code, which was article 2304 of the Code of 1825. The French text was translated originally so as to make cotrespassers, or joint tort-feasors, liable *jointly*, but not in solido; but by Act 20 of (the 19th of February) 1844, p. 14, the article was declared 'so amended as to make the English of said article correspond with the French, and so as to make co-trespassers liable in solido.' See Joseph Rathborne Lumber Co. v. Cooper et al., 164 La. 502, 114 So. 112; Gardiner v. Erskine, 170 La. 212, 127 So. 604.

"It cannot be disputed that the liability of the joint tort-feasors in the case before us is a solidary liability. That is settled by the decision rendered against them by the Court of Appeal. Hence the case is governed by articles 2103 and 2161 of the Civil Code. Article 2103 declares that those who are liable in solido for an indebtedness to a third party are liable, each for his share of the debt, to each other. It is true that the article refers to an obligation *contracted* in solido; but the rules relating to obligations in solido, or joint obligations, are the same with regard to obligations arising ex delicto as with regard to obligations arising ex contractu, especially when they are fixed by a judicial decree. Loussade v. Hartman et al., 16 La. 117; Gardiner v. Erskine, 170 La. 212, 217, 127 So. 604. Article 2161 of the Civil Code declares that subrogation takes place when a debt is paid by one who, being liable with another, or for another, for the payment of the debt, has an interest in paying it."

An analytical study, followed by mature deliberation, bring us to conclude that Sincer v. Bell is totally procedural in character and that Quatray v. Wicker is fundamentally substantive.

An analysis of Aetna Life Ins. Co. v. DeJean, 1936, 185 La. 1074, 171 So. 450, convinces this court that a differentiation of what is procedural and what is substantive brings this case, also, in full support of our solution of the instant question. We quote the following from the case:

"At the outset, it must be noted that Sandoz, the injured guest in DeJean's car, did not bring an action for damages against

304

DeJean and Dr. Beridon, as joint tort-feasors, and obtain judgment in solido against both defendants for damages arising from their concurrent negligence.

"Had Sandoz done so, then the solidary liability of both defendants would have been fixed by a judgment of court, and, under article 2103 of the Civil Code, as construed by this court in the recent case of Quatray v. Wicker, 178 La. 289, 151 So. 208, Aetna Life Insurance Company, the alleged subrogee, would have been entitled to enforce a contribution against DeJean."

The mistake in procedure by the Aetna was that its cause of action was predicated not upon a judgment in solido, against Beridon and DeJean, but upon a judgment casting Beridon only. The want of a cause of action is immediately apparent, because the judgment solely against Beridon does not establish and declare judicially the negligence as a joint tort-feasor of DeJean. The Aetna should have proceeded by a suit against DeJean based not upon the previous judgment against Beridon only, but articulated upon the facts of the accident, to prove DeJean's contributory negligence, with the view of casting him for the half of the damages, as a joint tort-feasor with Beridon.

Interesting and comparative discussion on these legal principles may be found in Tulane Law Review, December, 1934 issue, pages 125–127, and in Louisiana Law Review, November, 1938 issue, pages 235–239.

■ Such being the law of Louisiana, we find the Quatray case in support of applying favorably Rule 14 and as approving the making of Mr. Robison and the Aetna Insurance Company third-party defendants. If the judgment after trial be that they, or either one, should be liable as joint tort-feasors with Rothschild Boiler Works and the Hartford Company, or either one, it will read solidarily. The original plaintiffs, Mrs. Robison and Mrs. Gray, will not be hurt, because they will still have the same original defendants subject to full execution for their judgment; to the contrary, they will be greatly benefited, for then, if the execution against the Hartford Company should be returned nulla bona, they will have Mr. Robison and the Aetna for the total payment of the judgment.

Also, all related matters growing out of one occurrence, this highway accident, will be settled, definitely and clearly, in one action. Joint tort-feasors, if there be any, will be enabled to exercise their legal right to demand contribution among themselves. This is the law of Louisiana and it is fulfilled thus in one suit.

Whether a case at law be civil or criminal, it is well known that more truth reaches the surface and better justice is attained, if all related matters be considered and all involved persons be heard at one and the same trial.

The crux of our decision is that the present case is in the Federal court, the Rules of Civil Procedure apply, and the application of the Federal procedure does no offense to the substantive law of the state.

Mover says that to follow his deduction to its end would relieve permanently third-party defendants from liability. Rumpf v. Callo, 16 La.App. 12, 14, 132 So. 763; Thalheim v. Suhren, 18 La.App. 46, 137 So. 874. The answer is that such would be the result of the skillful and intentional use of the law of procedure of Louisiana to the utter defeat of its substantive law.

Therefore, the second contention of mover that the Louisiana law provides no right of contribution among joint tort-feasors falls because such is not the substantive law of Louisiana.

The third contention of mover that the allowance of this third-party complaint would retard the main action of plaintiffs, as previously reasoned, falls. It is obvious that the complete civil action of the plaintiffs will be hastened.

Numerous district courts in giving interpretation to Rule 14 have preceded us in this holding. We add a list of them and cite the first two as applicable particularly to the instant case. See Crum v. Appalachian Electric Power Co. et al., D.C., 29 F.Supp. 90; Satink v. Holland Tp. et al., D.C., 28 F.Supp. 67; Seemer v. Ritter, D.C., 25 F.Supp. 688; Watkins v. Baltimore & O. R. Co. (Rochester & Pittsburgh Coal Co., Third-Party Defendant), D.C., 29 F.Supp. 700, Oct. 19, 1939; Burris v. American Chicle Co., D.C., 29 F.Supp. 773, Oct. 20, 1939; Saunders v. Goldstein (Southern Dairies, Inc., et al., Third-Parties), D.C., 30 F.Supp. 150, Nov. 6, 1939.

Subsequently, counsel for Mr. Robison and the Aetna Insurance Company, in order to dispatch this case—for which the court commends him—moved to dismiss because of want of jurisdictional or venue requirements as to them; also for the further extended reasons, to-wit: (a) that neither the original complaint nor the

third-party complaint discloses any claim against either of movers upon which relief can or should be granted; that the original plaintiffs, in their motion to rescind and revoke the order granting leave of process against movers, have disclaimed all rights and all authority to proceed against movers by virtue of the procedure attempted; (b) that the Hartford Accident and Indemnity Company as third-party plaintiff is without right to proceed against the Aetna Casualty and Surety Company by reason of the utter want of privity between them, and the absence of any contractual, statutory, or other right to predicate a claim against the Aetna Casualty and Surety Company under any policy of insurance issued by it to J. A. Robison; (c) that J. A. Robison is not subject to suit by his wife, Mrs. Ollie Whitfield Robison, for any claim predicated ex delicto for injuries sustained by her in the state of Louisiana; and that neither of movers is subject to process by the Hartford Accident and Indemnity Company upon any claim predicated wholly or in part, and directly or indirectly, upon the claim of Mrs. Ollie Whitfield Robison.

■ On the point urged as to venue and jurisdiction, the third-party claim is considered as ancillary to the main claim, and venue and jurisdiction are not to be considered. For this position see: Bossard et ux. v. McGwinn et al., D.C., 27 F.Supp. 412; Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; Lewis v. United Air Lines Transport Corporation et al., D.C., 29 F.Supp. 112; Crum v. Appalachian Electric Power Co. et al., D.C., 27 F.Supp. 138; Morrell v. United Air Lines Transport Corporation (United Aircraft Corporation et al., Third-Party Defendants), D.C., 29 F.Supp. 757; Schram v. Roney et al. (Furlong et al.), 30 F.Supp. 458, Eastern District of Michigan, Southern Division, November 15, 1939; Moore's Federal Practice, vol. 1, p. 734, 14.08.

■■ In the study of objections made, we must consider that Rule 14 has for its well-accepted purpose the bringing of third parties "so that the right of all persons concerned in a controversy might be adjudicated in one proceeding." Quoted words above are taken from address of Mr. Monte M. Lemann, member of the Supreme Court's Advisory Committee, at the Atlanta Institute on Federal Rules of Civil Procedure, September 30—October 1, 1938, p. 16.

(a) The court admits that the original complaint discloses no right of action against Mr. Robison and his insurer, the Aetna, but it does disclose the facts of an accident in which negligence is alleged against the employee of the Rothschild Boiler Works, which negligence is assumed, by liability contract, by the Hartford Company. The motion made by the Hartford Company certainly contains the necessary allegations to make a claim against Mr. Robison and his insurer. The Hartford Company forward-passes the negligence from itself to Robison and his insurer, the Aetna Company. That is all that is necessary under Rule 14.

■ Rule 14, by its very raison d'être, precludes a vested right of election of defendants in the original plaintiffs; the rule permits the defendant, when he converts himself into a third-party plaintiff, to bring third-party defendants into the case whether or not the original plaintiff elected to put them into the case.

■ (b) The court is of the view that privity between the Hartford Company and the Aetna Company is born from the legal relations established by the Louisiana Code, arising spontaneously from the accident and its content of negligence. See Articles 2315, 2316, 2324, and 2104 of the Civil Code of Louisiana.

■ (c) The point is made that the husband is not subject to suit by his wife for any claim predicated ex delicto for injuries sustained by her in the state of Louisiana.

The substantive law is found in Article 2402 of the Civil Code of Louisiana. Applicable section of the article is quoted: "* * * But damages resulting from personal injuries to the wife shall not form part of this community [husband and wife], but shall always be and remain the separate property of the wife and recoverable by herself alone; * * *."

Clearly, the law is that the wife has the substance of the claim as her own.

The procedural law is found in Article 105 of the Code of Practice of Louisiana. The pertinent part is quoted: "A married woman can not sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her

property separate from him by her marriage contract, or for divorce; * * *."

Obviously, the right to sue is denied. See Palmer v. Edwards, La.App., 156 So. 781, denying rehearing La.App., 1934, 155 So. 483.

But in the present case we are to apply the substantive law of the state and the procedural law of the federal courts. Therefore, the husband must answer the third-party complaint. This principle has been announced several times already. In Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66, 67, cited supra, the court said: "* * * but the Pennsylvania procedural practices cannot be followed. If there is a substantive right to indemnity or contribution accruing to defendant as against the third-party defendants, the procedure for its enforcement is Rule 14 of the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c]." See, also, Burris v. American Chicle Co., D.C., 29 F.Supp. 773.

The present motion to rescind and revoke the former order is refused; also, motion of third-party defendants to vacate and recall order, and to quash and annul writs of summons and returns, is overruled.