McBRIDE, Judge.
Plaintiff-appellee moves to dismiss this suspensive appeal perfected by defendant from a moneyed judgment rendered against it in plaintiff's favor by the First City Court of New Orleans. The appeal was taken by written motion filed in open court.
The alleged ground for dismissal is that no copy of the motion for the appeal was served either on appellee or his counsel of record, as required by R.S. 13 :3345 and 13 :- 3346, which respectively provide:
“Every pleading subsequent to the original petition, every written motion and every written notice, appearance, demand, and similar paper shall be served upon each of the parties affected thereby through his attorney of record, or on the party, if not represented by an attorney, but no service need be made on parties in default for failure to appear except pleadings asserting new or additional claims for relief against them.
“Except in cases where it is provided by law that service upon the parties or their attorneys of record shall be made by the sheriff, the service provided in R.S. 13:3345 upon the attorney or upon the party may be made by delivering a copy to him or by mailing it to him at his last known address, of if no address is known, by leaving it with the clerk of the court. Every pleading filed in the cause as aforesaid shall be accompanied by a certificate stating that a copy of the pleading was served on the attorney of record for the party, or on the party, if not represented by an attorney.”
It is conceded that no copy of the motion was served upon appellee or his counsel, and it is not pretended by appellee that he was prejudiced thereby.
In support of his motion to dismiss, ap-pellee argues that the words used by the lawmakers, “shall be served upon each of the parties * * * through his attorney of record,” render the act mandatory, and that the requirement of service on opposing counsel is imperative and obligatory. Counsel contends that whereas the service was not made as provided, the appeal must be dismissed.
We cannot agree that the sections of the Revised Statutes in question are mandatory. They are purely and simply directory, as no penalty is prescribed for a litigant’s failure to serve a copy of his pleading upon his adversary. While service of a copy of every pleading subsequent to the original petition, including every written motion, is required in the manner provided for, no provision is made for the enforcement of the sections.
The question involved here is analogous to that which was presented to the Supreme Court in Barrow v. Robichaux, 14 La.Ann. 207. Section S of Act No. 122 of 1855 was before the court, which provided that the clerks of district courts shall endorse upon, or annex to all writs of fieri facias issued by them, specific bills of taxed costs. The plaintiff filed suit for an injunction inhibiting the sheriff from selling the property -seized under a writ of fieri facias, one of the grounds urged for the injunction being that the writ had issued for a large amount of costs which were not due, because they were not endorsed upon the writ, and were, therefore, forfeited, and the sheriff or clerk of court was forever barred from collecting the same. The Court said:
*356 “The fifth section of the same act provides, that the Clerks of the District Courts shall endorse upon, or annex to- all writs of fieri facias issued by them, specific bills of the taxed -costs. No- penalty 'however is declared. for the non-observance of this sec: tion of the Act.
“This section, therefore, must he considered directory, as this court has no- power to- declare rights forfeited, in the absence of express legal authority.”
In Commissioners of Immigration v. Brandt, 26 La.Ann. 29, the plaintiff sought to compel, the defendants to execute the bonds required of owners and consignees of vessels, to secure the State, cities and parishes, that immigrants will' not become a burden upon the communities where they may remain, such bonds being required by a section of the Revised Statutes of 1870. The trial court held that the law requiring the bonds was inoperative, as it affixed no penalty for a refusal to give them. The Supreme Court said: “In regard to the bonds we concur with the judge a quo that their execution can not be enforced, no penalty being prescribed for a refusal to execute them.”
In the earlier case of State, etc., v. Fullerton, 7 Rob. 219, on rehearing, the 'Court said: “ * * * Admitting that the State may impose duties upon any class of its citizens, as contended by the plaintiff’s counsel, and even upon foreign captains of merchant vessels the moment they arrive in this port, the difficulty is in coercing their obedience, where the law has no sanction, and disobedience is threatened with no definite punishment or penalty. If disobedience in such cases were even declared to be a crime, the courts cannot declare what shall be the punishment. * * * ”
The appeal having been granted upon motion made in open court at the same term at which the judgment iwas rendered, no citation of appeal, or other notice to appellee was necessary, according to the well established jurisprudence of this State. Labarre v. Rateau, 203 La. 802, 14 So.2d 642; McCann v. Todd, 201 La. 953, 10 So.2d 769; Hollingsworth v. Caldwell, 193 La. 638, 192 So. 83; Gardiner v. Erskine, 170 La. 212, 127 So. 604; Swain v. Globe Lumber Co., Ltd., 144 La. 207, 80 So. 256.
Even if it was the intention of the lawmakers to require that a copy of the motion for an appeal should be served, 'We are powerless to enforce the requirement, because no penalty is proclaimed for nonobservance.
The motion to dismiss the appeal is denied.
Motion denied.