No. 134.—JOHN FRAZIER v. ELIZA HARDEE et als.

Cotrespassers are liable in solido, and citation of one will interrupt prescription as to all.
In an action in damages for trespass, the defendant is not permitted to attack plaintiff's title, or establish title in himself.

APPEAL from the District Court, parish of Winn. *Orsborn, J. Jack & Pierson*, for plaintiff and appellant, *Ryan & White* and *J. M. B. Tucker*, for defendants and appellees.

HOWELL, J. This is a possessory action against four defendants as cotrespassers and the first question is the prescription of one year.

The disturbance took place in the fall of 1866, and a suit was instituted by plaintiff in November of that year, and *three* of the defendants cited. In January, 1868, the court house and the record of said

suit were burned. In May following, this suit was instituted and two of the parties previously cited and the one then omitted were served with citation, the fourth one (and who was before cited), is not a party to this suit, having died since the institution of the suit in 1866, and his legal representative not being cited herein.

It is clear that prescription was interrupted as to two of the defendants, Eliza and William Hardee, from November, 1866, to twelfth of January, 1868, when the court house was burned, unless it is held that the institution of this suit must be construed as an abandonment of the former, in the sense of article 3485, of the Code, and the interruption considered as having never happened. We are not prepared however to give such a construction to the acts of plaintiff. His conduct shows that he did not abandon his suit against the defendants. He persisted in his judicial demand, and by no act of his was it necessary to adopt the course which he has pursued.

The next question is, what effect had this interruption as to these two cotrespassers upon the third one, Isaiah Hardee, who was not cited in 1866.

By the act of 1844, re-enacted in 1855 (see Rev. Statutes, p. 80, § 19), cotrespassers are liable *in solido*. By article 2092, C. C. "a suit brought against one of the debtors *in solido*, interrupts prescription with regard to all;" and by article 3517, "a citation served upon one of the debtors *in solido*, or his acknowledgment of the debt, interrupts the prescription with regard to all the others and even their heirs."

The prescription was therefore interrupted as to Isaiah Hardee by the suit in 1866.

Cotrespassers being liable *in solido* need not all be necessarily joined in the same action.

The exception as to informalities and inaccuracies in the copies of petitions should have been *in limine litis*.

The judge *a quo* did not err in refusing to allow defendants to attack the title of plaintiff, or establish title in themselves. C. P. 53.

On the merits, the case is clearly with plaintiff. The defendants, after having been permitted by plaintiff's lessee to take refuge in a part of the dwelling from the overflow in 1866, by acts of violence and threats caused the said lessee to abandon the place and leave them in possession.

The evidence upon the claim for damages shows that there were from seventy to one hundred acres of cleared land worth three dollars per acre per annum rent, that the annual rent of the place is worth three hundred dollars, and that the defendants cut and sold from one hundred to one hundred and fifty cords of wood, worth fifty cents per cord in the tree. We will adopt eighty-five as the number of acres and one hundred and twenty-five as the number of cords of wood in estimating the amount of damages.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of plaintiff and against the defendants Eliza Hardee, William Hardee and Isaiah Hardee *in solido,*

for the possession of the tract of land with the buildings and improvements thereon described in the petition, and that he be restored to and put in possession of the same in due course of law. And it is further ordered that plaintiff recover of the said defendants *in solido* seven hundred dollars with legal interest from the date of this judgment as damages and costs in both courts.

## ON REHEARING.

LUDELING, C. J.   In this case it is ordered that no writ of possession be issued until the first day of January, (1870) eighteen hundred and seventy, and that the rehearing be refused. -