## GRAY et al. v. HARTFORD ACCIDENT & INDEMNITY CO. (ROBISON et al., Third-Party Defendants).

### No. 190.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 6, 1941.

Dimick & Hamilton, of Shreveport, La., for Defendant and Third-Party Plaintiff.

Hollingsworth B. Barret, of Shreveport, La., for Third-Party Defendants.

PORTERIE, District Judge.

For the statement of facts of this case and its present status, we refer to the two previous opinions: Gray et al. v. Hartford Accident & Indemnity Co. (Robison et al., Third-Party defendants), D.C., 31 F.Supp. 299; Id., D.C., 32 F.Supp. 335.

Though we have not yet reached the trial on the merits and·this is the third expression from this court, we believe the points adjudged previously were legally material and not frivolous.

The plaintiffs, Mrs. Gray and Mrs. Robison, filed suit on September 8, 1939, within the period of one year from the date of the accident, September 10, 1938. The defendant, Hartford Accident & Indemnity Co., under Federal Rules of Civil Procedure, Rule 14(a), 28 U.S.C.A. following section 723c, converted itself into a third-party plaintiff and made Mr. Robison and the Aetna Casualty & Surety Company third-party defendants. The two third-party defendants now file the plea of prescription of one year, because it was only on October 25, ·1939, more than one year from the date of the accident, that they were brought into the suit.

Because of the two previous decisions in this case, supra, we begin with the adjudged premise that J. A. Robison, the driver of the automobile, and one Colombus F. Ray, the driver of the truck, an ·employee of the Rothschild Boiler Works, are joint tort-feasors.

It follows that the Aetna, security for Robison, and the Hartford, security for Ray, are in the relation of joint tort-feasors.

Next, we must rule that they are liable solidarily to the plaintiffs, because Article 2324 of the Civil Code of Louisiana says: "He who causes another person to do an unlawful act, or *assists* or encourages in the commission of it, is answerable, *in solido,* with that person, for the damage caused by such act." (Italics ours) See, also, Quatray v. Wicker, 178

La. 289, 151 So. 208, at pages 211[2], 212 [3]. This conclusion is elaborated fully in Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299.

Then, we have Article 3536 of the Code, as follows: "The following actions are also prescribed by one year: * * * and that for damages * * * resulting from offenses or quasi offenses."

The beginning of the prescription is given in Article 3537, as follows: "The prescription * * * runs: * * * from the day * * * on which the * * * damage was sustained."

So far, so good, for the mover; but the next question is whether or not this interruption of prescription as to one of the joint tort-feasors is an interruption for all.

Article 2091 of the Civil Code of Louisiana (Book III, Title IV, Chapter 4, Section 6, Par. 4: "Of the Rules Which Govern Obligations With Respect to Debtors in Solido") reads, as follows: "There is an obligation in solido, on the part of the debtors, when they are all obligated to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."

Under the same paragraph is Article 2097, reading thus: "A suit brought against one of the debtors in solido interrupts prescription with regard to all."

The jurisprudence has given meaning to the above article just as it reads, without exception or modification. Frazier v. Hardee et al., 21 La.Ann. 541; Vredenburg v. Behan, 33 La.Ann. 627; Zeller v. Louisiana Cypress Lbr. Co., 9 La.App. 609, 121 So. 670; Sewell v. Newton et al., La.App., 152 So. 389, 393.

We must conclude, therefore, that the interruption of prescription as to the Hartford was an interruption of prescription as to the Aetna. It avails nothing that the original plaintiff selected only the Hartford as a defendant. We reiterate what we have said previously, 31 F.Supp. at page 305: "The court is of the view that privity between the Hartford Company and the Aetna Company is born from the legal relations established by the Louisiana Code, arising spontaneously from the accident and its content of negligence. See Articles 2315, 2316, 2324, and 2104 of the Civil Code of Louisiana." and in the subsequent case, 32 F.Supp. at page 337:

"* * * The dominant logic of the case after all is that no plaintiff has the right of election of a defendant to the exclusion of other defendants in an accident case, where there are, or may be, several parties at fault. The legal relation is established in its substance at the moment of the accident; parties thereafter, by technical pleading, may not alter the substantive law."

From Articles 2324, 2091 and 2097 of the Civil Code (also, cumulatively, art. 3552)—automatically, when prescription ceased to run against the Hartford, it ceased to run against the Aetna.

The plea of prescription is overruled. Judgment will be signed accordingly.