### KORDEK

v.

### FIDELITY & CASUALTY CO. OF NEW YORK et al.

### Civ. A. No. 3820.

United States District Court
W. D. Louisiana, Opelousas Division.
Feb. 23, 1954.

22.  Chg. 40–41.

Landry, Watkins, Cousin & Landry, New Iberia, La., for Fidelity & Casualty Co. of N. Y.

Mouton, Champagne & Colomb, Lafayette, La., for Maryland Cas. Co.

Davidson, Meaux, Onebane & Nehrbass, Lafayette, La., for Lumbermen's Mut. Ins. Co.

Domengeaux & Domengeaux, Lafayette, La., for plaintiffs.

HUNTER, Jr., District Judge.

The plaintiff is Leon W. Kordek. He seeks to recover damages for expenditures caused by the accident complained of. He also is suing for and on behalf of his minor daughter, Delores Ann Kordek, who was injured.

The accident occurred on August 9, 1951 in Lafayette, Louisiana. On or about July 29, 1952 suit was instituted (under the direct action statute of Louisiana, Act 55 of 1930, LSA–R.S. 22:655) against three insurance companies. None of the insured parties were made parties to the action for the very obvious reason that to have done so would have defeated the jurisdiction of the court. The companies sued were:

(a) Lumbermen's Mutual Insurance Company, *alleged to be* the insurer of the Housing Authority of the City of Lafayette.

(b) Maryland Casualty Company, insurer of R. P. Farnsworth and Company.

(c) Fidelity and Casualty Company of New York, insurer of Fred L. Heroman.

The Housing Authority was the owner of the premises upon which the accident occurred. Farnsworth was the general contractor for the construction of the housing project. Heroman was a subcontractor.

Heroman, in having the grass cut on the Housing Authority property, pursuant to and as required by the subcontract, used a power mower. This power mower dislodged a rock or other object and hurled it so that it struck the left eye of Delores Ann Kordek, causing the injuries for which damages are claimed. The power mower, it is al-

leged, was being operated negligently, and therefore the insurer, Fidelity and Casualty Company of New York, was made a party defendant. Plaintiff further alleges negligence on the part of the contractor. Therefore, the contractor's insurer, Maryland Casualty Company, was likewise made a party defendant.

The *original* complaint further sets forth that the Housing Authority of the City of Lafayette was guilty of negligence, and therefore its *alleged* insurer, Lumbermen's Mutual Insurance Company, was made a defendant. Later, it was discovered that plaintiff had instituted suit against the wrong insurance company insofar as the Housing Authority of the City of Lafayette was concerned. The plaintiff had instituted the suit against an Ohio corporation (Lumbermen's Mutual Insurance Company). The plaintiff, upon discovering his mistake, filed a supplemental and amended petition naming Lumbermen's Mutual Casualty Company, an Illinois corporation, in lieu of the said Ohio corporation. This amended petition was filed on March 20, 1953. This was one year and nine months after the accident complained of.

Lumbermen's Mutual Casualty Company has filed a number of motions:

(1) To dismiss the original and supplemental complaint on the grounds that they do not state a cause of action.

(2) A plea of prescription based upon the proposition that inasmuch as a year and nine months had elapsed before the present action was instituted against this Lumbermen's that the action was clearly prescribed.

(3) A summary judgment on the grounds that the lease agreement establishes that the plaintiff assumed any and all responsibility for the condition of the premises and expressly released the Housing Authority and its insurer from any obligation.

These motions will be discussed in the order enumerated:

(1) *Motion to dismiss original and supplemental complaint.*

■ The original complaint sets forth that the Housing Authority of the City of Lafayette was responsible under a doctrine of "liability without fault." The advocate of the motion urges that there can be no liability without fault. We agree, but do point out here that neither the defendant, Lumbermen's Mutual *Casualty* Company, nor the Housing Authority were defendants in the original complaint. No judgment could have been rendered against either of them on the basis of the original complaint, irrespective of whether a cause of action had been stated therein or not. That is the basis of the defendant's plea of prescription. There is no issue before the court as to the dismissal of the original complaint in the suit, because neither the mover nor its insurer were parties thereto.

■ The amended complaint certainly does state a cause of action against the insurer of the Housing Authority.

(2) *Plea of prescription.*

Did the institution of the suit against the insurers of Heroman and Farnsworth have the effect of interrupting prescription as against the correct Lumbermen's? After the filing of the original complaint in July of 1952, no further action was taken until March 20, 1953 when the supplemental and amended complaint was filed. In that complaint it was stated that an error had been made in that the wrong Lumbermen's insurance company had been sued. The accident occurred on August 9, 1951. No notice of the suit had been previously served on the present defendant, Lumbermen's, but on the contrary, the present defendant is a separate and distinct corporation from the Lumbermen's company which had originally been made defendant. Counsel for defendants strenuously urges that any right of action against it prescribed and was barred by the prescription of one year.

Article 3536 of the LSA–Civil Code of Louisiana expressly declares the prescription of one year against all such damage actions [1]. Article 3537 of the LSA–Civil Code provides that the prescription of one year commences to run from the date on which the damage was sustained [2].

The court must determine whether any action was taken in this case which could have had the effect of interrupting prescription. A period of a year and nine months had elapsed between the date of the injury and the date the action was instituted against Lumbermen's Mutual Casualty Company. Plaintiffs do not contend that prescription was interrupted by the original citation against the wrong Lumbermen's but that the interruption of prescription as against Lumbermen's resulted from the citation of the other two insurance companies; that is, the insurers of Heroman and Farnsworth.

■ The amended complaint states a set of facts upon which a cause of action could have been stated against the Housing Authority, the general contractor, and the subcontractor. They could have been sued as joint tort-feasors. Article 2097 of the LSA–Civil Code [3] provides that a suit brought against one of the debtors in solido interrupts prescription with regard to all. If three are joint tort-feasors (and liable in solido), does the filing of suit against two of their insurers under the Louisiana direct action statute interrupt prescription as against the insurer of the third joint tort-feasor?

Defendant urges that liability in this case against the insurance carriers could result only because of the insurance policies, and that the contract of the insurance company is one of indemnity. Therefore, they argue that Article 2097 is not applicable. We do not agree. Article 2097 says nothing about joint tort-feasors. It says that a suit brought against one of the debtors in solido interrupts prescription as to all. Were these insurance companies debtors in solido? In this court's opinion they were [4]. Therefore, the interruption of prescription as to the other two insurance companies was an interruption of prescription as to the defendant, Lumbermen's. It matters not that the original petition selected only the first two insurance companies as defendants. No plaintiff has the right of election of a defendant to the exclusion of other defendants in an accident case where there are or may be several parties at fault. The legal relation is established in its substance at the moment of the accident [5]. The plea of prescription is overruled.

(3) *Motion for summary judgment.*

■ The basis for this motion is the lease contract between plaintiff and the Housing Authority. Defendant contends that plaintiff assumed all responsibility for the condition of the premises and expressly released the Housing Authority from any obligation whatsoever in connection therewith. He relies on the provisions of the lease and the statu-

---

1. "Art. 3536. The following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or *resulting* from offenses or quasi offenses. * * *"

2. "Art. 3537. The prescription mentioned in the preceding article runs: With respect to the merchandise injured or not delivered, from the day of the arrival of the vessel, or that on which she ought to have arrived. And in the other cases from that on which the injurious words, disturbance or *damage were sustained.* * * *"

3. "Art. 2097. A suit brought against one of the debtors in solido interrupts prescription with regard to all. * * *"

4. "Art. 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."

5. Gray v. Hartford Accident and Indemnity Co., D.C.La.1941, 36 F.Supp. 780.

tory provisions permitting the owner to contract against liability [6]. The statute provides that the owner may contract away liability *except when he knew or should have known of the defect, or when he received notice* of the defect and failed to remedy it within a reasonable time. Here, according to the allegations of the petition, the owner knew of the defect, or should have known of it. Therefore, under the alleged facts, the lease stipulations cannot operate to relieve the Housing Authority or its insurer from liability [7]. The motion for summary judgment is therefore denied.

Defendant, Lumbermen's Mutual Casualty Company, is given 15 days from the date hereof to file an answer to further pleadings herein.

---

6. LSA–R.S. 9:3221. "Assumption of responsibility by lessee; liability of owner. The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time."

7. Mitchal v. Armstrong, La.App., 13 So.2d 506.