HARDY, Judge.
This is a suit by Mrs. Joyce T. Burley for damages in the nature of personal injury sustained as the result of an automobile collision. The defendants are Mrs. Euzelia (Azelia) B. Chase and Manufacturers Casualty Insurance Company, liability insurer of Mrs. Chase. After trial there was judgment in favor of plaintiff and against defendants, in solido, in the sum of $3,000, from which defendants have appealed.
This is a companion suit which was consolidated for trial and purposes of appeal with that of Mrs. Ethel P. Chase et al. v. Mrs. Joyce T. Burley et al., No. 8235 on the docket of this court, which has this day been decided. The facts involved are fully set forth in the opinion of the court in the above numbered and entitled case, 76 So.2d 587.
It follows that the only issue here involved concerns the quantum of damages allowed plaintiff. The claims for medical treatment and attention, repairs to the automobile and loss of wages amounting to the total sum of $825.50 are established without question. This leaves the sum of $2,174.50 which was evidently fixed by the district judge as, the allowance for pain, suffering and facial disfigurement claimed by, plaintiff.
It- is established that Mrs. Burley sustained a fractured nose and knee injury, *594 the latter being the source of some pain and inconvenience but having no serious nor lasting effects. While the nose fracture appears to have satisfactorily healed, the testimony establishes the fact that there is a slight disfigurement resulting from a ridge along one side of plaintiff’s nose. We think it evident that this disfigurement, though slight in nature, would constitute a continuing source of embarrassment and concern to a young woman 23 years of age. It is noted that plaintiff’s attending physician testified that he had suggested plastic surgery to remove this slight disfigurement. While it appears that this suggestion was made for the sake of benefit to plaintiff’s condition of worry and nervousness resulting from the slight disfigurement, rather than as a matter of medical necessity, we think it is appropriate that the same be taken into consideration in fixing an award of damages.
Under the circumstances we cannot conclude that the award made was excessive, and for the reasons assigned the judgment appealed from is affirmed at appellant’s cost.