81 So.2d 178 (1955)
Gilton H. LEWIS, Plaintiff-Appellee,
v.
TRAVELERS INDEMNITY COMPANY et al., Defendant-Appellant.
No. 8367.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1955.
*179 Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellant.
J. F. McInnis, A. Eugene Frazier, Minden, for appellee.
GLADNEY, Judge.
This appeal presents for our review a judgment in favor of Gilton H. Lewis, individually and on behalf of his minor son, Charles Lewis, against the Travelers Indemnity Company, as the insurer of O. F. Dixon, for injuries sustained in a collision between the insured vehicle driven by the minor son of O. F. Dixon and a taxicab owned by Burnice P. Talton, and driven by R. C. Thompkins, Jr. Aggrieved by the judgment, defendant has appealed.
The facts are virtually undisputed. On the evening of February 7, 1954, about 6:30 o'clock, Billy Wayne Dixon, accompanied by Charles Lewis, was proceeding to the Lewis home in a pick-up truck, the insured vehicle. They were proceeding along the Dorcheat Road and came upon a taxicab going in the same direction. They followed the cab for about a quarter of a mile at a speed of 40 miles per hour when Dixon attempted to pass at the very time Thompkins commenced a left turn with the intention of going down an intersecting road at that point. Dixon testified he blew the horn on his truck to indicate his intention of passing. The taxicab driver gave no warning of any sort that he would make the turn. It was shown the accident occurred within the city limits of Minden, where the speed limit was 25 miles per hour. The truck collided violently with the left side of the taxicab and was forced off the road, striking a tree. Charles Lewis, the guest passenger of the truck, received serious injuries. Before instituting this suit Gilton H. Lewis compromised his claim against Burnice P. Talton, the owner of the taxicab and his insurer for the sum of $4,250, expressly reserving in writing his claim against any other joint tort feasor.
The record leaves no doubt that both drivers of the vehicles were guilty of concurrent negligence. Billy Dixon's negligence consisted of his excessive and illegal speed and in attempting to pass the taxicab at an intersection. Thompkins, the driver of the cab, was negligent in that he failed to make proper observation before attempting a left turn and in giving no warning whatever of his intention to make the turn.
The only issue, therefore, before this court is the measure of damages. The trial court rendered judgment in favor of plaintiff in the sum of $9,250, subject to reduction under the provisions of LSA-C.C. Art. 2203. In this court the appellee has answered the appeal and asked that the total award be increased to the sum of $10,000 subject to the limited coverage of the policy$5,000.
There can hardly be any doubt that Charles Lewis suffered serious injuries and considerable pain for a period extending for about seven months. He was left with a shortened leg which will require alteration of his shoes. At the time of the accident he was sixteen years of age.
In brief, plaintiff makes the following claims for damages:
(1) Medical expenses of $1,829.13;
(2) Expenses for Mr. & Mrs. Lewis in going to and staying in Shreveport with their son$228;
(3) Loss of wages of Charles Lewis$450;
(4) Permanent partial disability $1,000;
(5) Pain and suffering$6,000.
The items so claimed are slightly modified by the answer to the appeal. The increase asked, therefore, is $375.
Appellant concedes that the item claimed for medical expenses is proper. Counsel argue item No. 2 is not broken down and is too remote and speculative to justify allowance. Mrs. Lewis testified without contradiction that her claim is *180 based on her performance of duties except for which would have required the services of a nurse during the period her son was in the hospital in Shreveport. She explained she was at the hospital forty days and her allowance of $3 per day for expenses included $2 per night charged by the hospital for her use of a cot. Mr. Lewis testified the confinement of his son in the hospital required him to make a total of forty-five trips from Minden to Shreveport, which cost him in actual expenses $108. Manifestly, it seems to us, the services for which the above modest sums are claimed were rendered necessary by reason of the accident. We consider the claims proper and compensable. With respect to the loss of wages by Charles Lewis, we consider this claim too speculative and remote for consideration. Charles Lewis was not employed at the time of his injuries and lost no wages from regular employment. The proof as to this item is unsatisfactory.
There remains for consideration appellee's claim for disability, pain and suffering, which resulted from the injuries. Charles Lewis sustained a severe cut over his left eye, requiring suturing; a simple comminuted fracture of the midshaft of the left femur; a simple fracture through the lower epiphysis of the left tibia; a simple fracture of the lower third of the left fibula, and multiple bruises to his body and limbs. Immediately after the accident he was given first aid at the Minden Sanitarium and then transferred to the North Louisiana Sanitarium in Shreveport where he was placed under the care of Dr. Ford J. Macpherson, an orthopedic surgeon. Young Lewis has a rare blood type and for this reason blood could not be obtained for transfusions. It was, therefore, necessary to proceed without anaesthesia when the surgeon applied a long leg cast to the right leg and when debridement of the puncture wound at the compound site of the left femur was performed. In the surgical process a heavy steinman pin was placed through the left tibial tuberosity region. A short leg cast for the left leg was then applied after which he was placed in balance traction, and remained so until March 17th. At that time the cast was removed from the right leg and the pin was removed from the left tibia, and he was placed in a single hip spica from the left toes to the umbilicus. After this cast was removed he was fitted with an ischial weight-bearing brace which he used until June 16, 1954. During this period of time he suffered from pleurisy and incurred a kidney infection. It was not until September, 1954, that his recovery was considered satisfactory. At the time of the trial he was still under the care of a physician. As a result of injuries to the left leg it has become shortened by one-fourth of an inch and will remain permanently so. It is necessary that young Lewis wear shoes both of which require adjustments because of the leg shortening. During the period of his disability he was out of school sixty-three school days.
After giving a most careful consideration to the amount of damages which should be allowed in this case, we have decided that the award should be increased to the sum of $10,000, subject to the limits provided in the policy. This finding is in line with Burley v. Chase, La.App., Second Circuit, 1954, 76 So.2d 593.
It is contended that because plaintiff released Talton and his insurer, appellant can be held to but one-half of the judgment. Under the provisions of LSA-Civil Code article 2203, where there has been a remission or conventional discharge in favor of one of the co-debtors in solido, the others are discharged unless the creditor has expressly reserved his right against the latter. He then cannot claim the debt without making a deduction in favor of the party to whom he has made the remission. The liability of joint tort feasors is not simply joint, it is a solidary obligation. Article 2324, LSA-Civil Code; Gardiner v. Erskine, 1929, 170 La. 212, 127 So. 604; Reid v. Lowden, 1939, 192 La. 811, 189 So. 286; Cust v. Item Company, Ltd., 1942, 200 La. 515, 8 So.2d 361; Cox v. Shreveport Packing Company, 1948, 213 La. 53, 34 So. 2d 373; Florida Molasses Company v. Berger, *181 1951, 220 La. 31, 55 So.2d 771. The liability of defendant, therefore, is not limited by the codal articles to one-half of the total award. Any judgment awarded, of course, should be reduced by the amount of remission, which in this instance is $4,250. In view of our finding that the total award should be $10,000 and that recovery under the policy is limited to $5,000, the issue presented by appellant is of no moment.
For the foregoing reasons the judgment from which appealed is amended by increasing the total award from $9,250 to $10,000 subject to the policy limitations, and in all other respects is hereby affirmed at appellant's cost.