BOLIN, Judge.
While operating a motorcycle John Wesley Heard, 14-year-old son of Jesse Hilton Heard, was involved in a collision with an automobile being driven by Randall Sanders, minor son of Hubert E. Sanders. Jesse Heard, individually, brought suit for $417.27 as damages to the motorcycle and medical expenses. As administrator of the estate of his minor son, and on behalf of the latter, he sued for substantial damages for pain, suffering, permanent disability and loss of future earnings. Made defendants were Hubert E. Sanders, individually, and as administrator of the estate of his minor son, and his insurer, Maryland Casualty Company. Liability having been conceded in the lower court the trial judge, for written reasons, rendered judgment against all defendants, in solido, and in favor of Mr. Heard, individually, for $417.27, and, as administrator of the estate of his minor son, for $8500. Plaintiff appeals asserting the award to the minor was inadequate.
At the time of the collision the Sanders automobile was stopped arid the motorcycle collided with the car’s front wheel causing young Heard to be thrown forward, his thighs jamming against the handlebars of the motorcycle. He received numerous bruises and the following morning was taken to the office of Dr. James D. Kelly, his family physician. Dr. Kelly made a diagnosis of ruptured blood vessels causing a large swelling due to the accumulation of blood in the areas of the bruises. Dr. Kelly prescribed medication to reduce the swelling and instructed his patient to stay off his feet for a while. John’s condition failed to improve to the satisfaction of Dr. Kelly, who referred him to a surgeon approximately a month following the accident. The surgeon, Dr. J. W. Cummins, found some swelling on the left thigh and substantial swelling on the right thigh. Several weeks thereafter Dr. Cummins advised surgical removal of the mass on the right thigh. This operation was performed and an old hematoma with cystic formation was discovered and removed.
Dr. Cummins examined his patient periodically after the operation until the time of the trial opproximately two years after the accident. Part of the operation required stripping of the saphenous vein. This is a common procedure, and ordinarily other vessels compensate to return the blood to the heart following removal of a section of this vein. However, there has been an interruption of the return flow of lymph fluid resulting in some swelling to the right lower extremity.
*214 Plaintiff contends young Heard will continue indefinitely to have pain and swelling in the right lower extremity. However, we agree with the lower court’s finding plaintiff failed to prove the existence of any appreciable amount of pain.
Plaintiff further claims severe permanent disability because of the lymphede-ma. We think the lower court correctly disposed of this contention in the following portion of its written reasons for judgment:
“The Court is convinced that the permanent condition suffered by John is not negligible or insignificant as argued by defendants. It is equally certain, however, that he is not nearly so crippled and damaged as argued by plaintiff. From the medical testimony, thoroughly considered, the Court feels that in time as he learns proper use of his leg and and proper care for his condition, John is just as likely to find himself able to function in almost completely unlimited, if reasonable, activities, as he is to. develop the degree of impairment and complications speculated upon in plaintiff’s argument.”
The most serious argument made for increasing the award is the lower court’s refusal to take into consideration the loss of future earnings. At the time of the trial John was 16 years of age. Over defendants’ objection evidence was introduced attempting to show the probability that John would have become associated at some future date with his father in the construction business; that in so doing he would be required to work his way through the ranks to become eligible to assume the duties of a construction superintendent. We believe the lower court correctly held that to allow damages for loss of earnings under such circumstances would be pure speculation. Lewis v. Travelers Indemnity Company, 81 So.2d 178 (La.App. 2 Cir. 1955); Smith v. Massachusetts Bonding and Insurance Company, 130 So.2d 153 (La. App. 2 Cir. 1961).
We are convinced that as a result of the accident John Wesley Heard does suffer a permanent condition which, although it is likely to improve substantially, will cause him intermittent discomfort and will probably result in some impairment in his choice of activity and employment. For these injuries he is entitled to be compensated. For pain, suffering and future disability the lower court awarded him $8500. In making such an award we hold the trial judge did not abuse the “much discretion” vested in him under La.C.C. Article 1934 (3) and the cases decided thereunder.
The judgment appealed from is affirmed at appellant’s cost.