339 So.2d 480 (1976)
Reginald D. WATSON, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY et al., Defendants-Appellees.
No. 13025.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
Rehearing Denied December 6, 1976.
Writ Refused February 9, 1977.
*481 McKeithen, Burns & Lewellyan, by John J. McKeithen, Columbia, for plaintiff-appellant.
Hudson, Potts & Bernstein, by Ben R. Hanchey, Monroe, for defendant-appellee, Hartford Acc. & Indem. Co.
Hayes, Harkey, Smith & Cascio, by Thomas M. Hayes, Jr., Monroe, for defendant-appellee, Empire Fire and Marine Ins. Co.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied December 6, 1976.
BOLIN, Judge.
In July 1974, while riding in an automobile driven by his wife, plaintiff was injured in an automobile wreck. It was stipulated the accident was caused by the wife's negligence and that Hartford Accident and Indemnity Company was the primary insurer with policy limits of $25,000. Empire Fire & Marine Insurance Company was alleged to be the excess insurer. The lower court rendered judgment in favor of plaintiff against Hartford for plaintiff's personal injuries for $18,000 plus medical expenses. Plaintiff appeals and we affirm.
Appellant contends: (1) his award for personal injuries is inadequate; (2) the court erred in not allowing him recovery for loss of future earnings; and (3) Empire should be liable as an excess insurer if the total award exceeds $25,000.
Immediately following the accident plaintiff was taken by ambulance to a nearby hospital where he remained for seven days. During this period he was treated by a general practitioner. He was then moved to another hospital where he remained for two days and was examined and treated by his family doctor. He received multiple injuries, the most serious being a severe compression fracture of the fourth lumbar vertebra and possible fractures of other vertebrae. On recommendation of an orthopedist, plaintiff's doctor fitted him with a back brace which he wore for approximately seven months after his release from the hospital. Within approximately two months following the accident he was relatively free from back pain and received no further treatment or medication. During the fall and winter of 1974 he hunted squirrels and ducks frequently, and the following spring he played softball for a local Jaycee team.
At the time of the accident plaintiff was 20 years old and was working during the summer months for his father who operated a courier service for a local bank. He has performed no work since the accident. Prior to the accident plaintiff had attended college for several semesters, changing his course of study twice. He first studied *482 geology and testified it was his ambition at that time to become a petroleum engineer. His grades in geology were so poor he was compelled to stay out of school for at least one semester. He had also studied pre-law. He testified he had planned to go back to school in the fall following the accident but was unable to do so because of his injuries. He did return to school the following spring but again was unable to continue his studies because of his poor grades.
Considering first the award of $18,000 as general damages for pain and suffering, we note the testimony of Dr. Rambach, an orthopedist, who examined plaintiff in September 1974 and August 1975. Dr. Rambach was of the opinion plaintiff had a 25% disability of the spine and of the body as a whole. He believed plaintiff could perform numerous types of work not involving heavy manual labor. Plaintiff conceded he was not unemployable, but stated he could not do any job which required heavy lifting or hard manual work.
We find the trial judge did not abuse his discretion in awarding the plaintiff $18,000 plus medical expenses as general damages for his personal injuries. Civil Code Article 1934(3); Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974), and cases cited therein.
The most serious question is whether or not plaintiff is entitled to a judgment for loss of future earnings. To support an award for this type of damages plaintiff must prove his loss with reasonable certainty. Speculation, probabilities, and conjecture cannot form the basis for the award. Heard v. Sanders, 223 So.2d 212 (La.App. 2nd Cir., 1969); Burrows v. Louisiana Department of Highways, 319 So.2d 867 (La.App. 3rd Cir., 1975).
Plaintiff originally contended his 25% disability would seriously handicap him in his intended career as a petroleum engineer. However, the great weight of testimony was that plaintiff's ability to perform the duties of a petroleum engineer was not diminished by this accident. We are also unconvinced that plaintiff ever demonstrated either the intent or the scholastic aptitude to become a petroleum engineer. He transferred from Louisiana Tech, which possessed an engineering school, to Northeast University which had none, and his grades have been poor. Under the above circumstances there is no basis for an award based on lost wages as a petroleum engineer.
Subject to defendant's objection, plaintiff also attempted to show his inability to perform various jobs requiring heavy manual labor and offered testimony as to possible loss of future wages as a manual laborer or factory worker. There is no evidence plaintiff ever desired or contemplated an occupation as a manual laborer. Plaintiff testified he felt he could make good grades in a chosen field if he applied himself, and that he intended to return to Northeast and study aviation. The lower court found an award for loss of future earnings based on the salary of either a manual laborer or a factory worker would be pure speculation; we agree.
The evidence indicates the injury did not cause plaintiff to lose any wages from the work he was doing at the time of the accident. Plaintiff's father testified his son received about $700 per month from the bank for the operation of the courier service; that he was required to pay his own expenses; and that the expenses equaled the income. Plaintiff, therefore, failed to prove any past or future loss of wages from the courier service. Additionally, plaintiff evidenced no desire to continue his job as courier, even had he not been injured.
Appellant forcefully and persuasively argues that to reject his demands for loss of future earnings would in effect penalize him for attempting to get a college education. Plaintiff cites several cases in support of this argument. Edwards v. Sims, 294 So.2d 611 (La.App. 4th Cir., 1974); Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 706 (La.App. 3rd Cir., 1975); Guidry v. Canal Insurance Co., 313 So.2d 860 (La.App. 1st Cir., 1975); Simmons v. Travelers Insurance Co., 295 So.2d 550 (La. App. 3rd Cir., 1974); Turner v. State, Louisiana *483 State Penitentiary, 333 So.2d 310 (La. App. 1st Cir., 1976). We have examined all the cited cases and find them factually different from this case.
This decision is based upon plaintiff's failure to prove with any reasonable degree of certainty any loss of future wages; it is not intended to penalize plaintiff for attending college. It would require rank speculation to assume that plaintiff would be a factory worker or manual laborer in the absence of testimony that he reasonably expected to engage in these activities.
We conclude the amount of the award of the lower court is correct, and since this amount does not exceed the coverage of the primary insurer, it is unnecessary for us to decide if Empire is liable as an excess insurer.
The judgment is affirmed at appellant's cost.