CHEHARDY, Judge.
Plaintiff, Naheem George Nassar, Jr., appeals a district court decision in his favor and against the defendants, H. Coy Fletcher and Allstate Insurance Company, in soli-do, in the sum of $25,303.72, together with legal interest thereon from the date of judicial demand until paid. Costs were also assessed against the defendants in the trial court.
This case arose out of a two-car accident which occurred on April 17, 1977 between the plaintiff and Fletcher, one of the defendants, when their vehicles collided on Louisiana Highway 44. The accident happened when Fletcher’s vehicle skidded across the highway division line and into the path of the plaintiff’s automobile. The plaintiff has alleged personal injuries as a result of the collision and the defendants answered the suit with a general denial and also urged the defense of contributory negligence on the plaintiff’s part.
After a trial on the merits of the case it was submitted to a jury who rendered a verdict in favor of plaintiff in the following amounts:

Pursuant to that verdict, the trial court ordered the defendants to pay the plaintiff $46,303.72 with interest at the legal rate from the date of judicial demand.
On December 1,1978, the defendant filed an application for a new trial, stating the judgment was contrary to the law and to the evidence because the verdict arrived at was against the weight of evidence and also alleging that, considering the evidence as adduced at trial, it was clear the jury ignored the evidence presented to substantiate lost wages and it awarded an excessive amount for pain and suffering, psychological and psychiatric damages.
Defendants’ motion for a new trial was granted and plaintiff’s applications for supervisory writs from the granting of the new trial were denied by both this court and the Louisiana Supreme Court. In accordance with stipulations by counsel for both plaintiff and defendants, trial by jury then was waived and the case was submitted for trial by the judge on the record of the previous jury trial.
*535 Following that submission, the trial judge rendered judgment in favor of the plaintiff and against the defendants, in solido, in the sum of $25,303.72. As we understand that judgment, it awards the same amounts for medical expenses and property damages as did the jury, but reduced the jury awards for lost wages from $20,000 to $9,000 and for general damages from $25,000 to $15,-000.
Plaintiff has appealed. In this court he contends the trial judge’s awards for lost wages and general damages are inadequate and should be increased to the amounts awarded by the jury.
Plaintiff argues that for the year of the accident he did not work from April until December and, therefore, since he was making $8.20 per hour at the time of the accident, he lost approximately $10,500 in earnings as a result of his injuries. Our review of the record, however, reveals it was the opinion of the plaintiff’s treating physician, Dr. Lawrence J. McManus, that the plaintiff could have returned to his former job in September of 1977, five months after the accident. Although plaintiff complained of pain subsequent to September of 1977, Dr. McManus also testified that in November of 1977 the plaintiff had improved to such an extent he could have done even more laborious and harder work than he had been performing at the time of the accident. Therefore, even if the court awarded damages up until that date, plaintiff should not have recovered more than approximately $9,000 in lost wages.
In regard to loss of future earnings, also claimed by the plaintiff, the court said in Watson v. Hartford Acc. & Indem. Co., 339 So.2d 480 (La.App. 2d Cir. 1976), that to support an award for future earnings, plaintiff must prove his loss with reasonable certainty; and speculation, probabilities and conjecture cannot form the basis for the award.
In Wilson v. Magee, 359 So.2d 315 [1] (La. App. 4th Cir. 1978), this court also said that in order to recover for loss of future earnings or earning capacity, one must show with some degree of precision what he or she would have earned if it were not for the accident. At the time of trial the plaintiff had returned to work at an equivalent pay level to that which he was earning prior to the accident. Although his foreman testified he had been assigned different duties as a result of his alleged incapacities in areas such as lifting, it was not shown that he had sustained any reduction in pay at all. Furthermore, none of the physicians who examined Nassar assigned any percentage of permanent injury to him.
The opinion of the occupational therapist who tested the plaintiff was somewhat in conflict with that of the examining physicians. She stated that while performing a number of activities in her presence (which took place on only one occasion), she felt he lacked agility and spontaneity, and in some instances, such as in stooping or crouching, he lacked endurance. The plaintiff also voiced complaints of pain during her evaluation of him. In spite of this testimony, however, the trial judge was free to consider the testimony of the physicians and to give such testimony more weight than that of the therapist due to their greater training and expertise. Accordingly, the plaintiff failed to prove to any degree of precision what he would have earned had it not been for the accident, nor did he present any objective evidence that he was incapable of competing in the open job market.
Regarding the trial judge’s award of $15,000 for pain and suffering, from the medical testimony adduced at trial his injuries consisted mostly of concussion, cervical strain, lumbar strain and headaches. There was some conflict of opinion among the physicians as to the interpretation of certain x rays of Nassar and whether he had sustained a chip fracture of the atlas, but it was agreed that even if such a small fracture had been present, it was not medically significant, although it may have contributed to some of the pain alleged by the plaintiff. Accordingly, this court cannot conclude the district court judge abused his *536 much discretion in setting the award for general damages in this case. Furthermore, an award for psychological or psychiatric damages was properly denied because there was virtually no evidence presented to prove such damages.
In summation, we will also note that on review we found no manifest error on the part of the district court judge in regard to his findings of fact in this case and therefore find no basis for disturbing those findings.
For the reasons assigned, the trial court judgment is affirmed.
AFFIRMED.

. Modified on other grounds. 367 So.2d 314 (La. 1979).