467 So.2d 867 (1985)
John Paul CARIERE, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANY, Defendant-Appellee.
No. 16862-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*868 Richie & Richie by Byron A. Richie, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Jack E. Carlisle, Shreveport, for defendant-appellee.
Before MARVIN and FRED W. JONES, Jr., JJ., and PRICE, J. Pro Tem.
FRED W. JONES, Jr., Judge.
John Paul Cariere sued for injuries to his back when he fell to the ground after the mat of a trampoline on which he was jumping "split open" at the seam. When the homeowner's insurer stipulated liability, the case was tried exclusively on the issue of quantum. The trial judge awarded $18,000 in damages based on these findings: that the plaintiff was hospitalized for a short time; that he failed to follow his doctor's recommended treatment; that he worked as a photographer carrying heavy photographic equipment after the accident; and that the disability would not affect plaintiff's activities once he attained a state of maximum medical benefit (6-12 months). Cariere appealed, seeking an increase in the award, emphasizing the doctors testified that he had a 15% disability and that he could never lift more than 30-40 pounds. For the reasons explained, we amend the district court judgment by granting an increase in the award.
After falling through the trampoline, John Cariere sustained compression fractures of his 11th and 12th thoracic vertebrae, together with associated myoligamentous strain. He was in the hospital from March 14 to March 16, 1982, until fitted for a corset-style back brace. Plaintiff was required to wear the brace 24 hours a day for two months. The record reflects that he scrupulously followed the doctor's instructions about wearing the back brace. In fact, he wore it periodically up to the trial, almost two years after the accident.
Cariere was readmitted to the hospital with back spasms (lumbosacral myositus) *869 in August of 1982 for two days. At that time further physical therapy was recommended (the record offers no evidence in regard to whether Cariere actually went to physical therapy or if any therapy he may have had was successful). A second orthopedic surgeon examined him in January 1983 and found compression of two vertebrae (10% of one and 25% of the other). He also diagnosed muscle and ligamentous strains, which would give valid reason for complaints of pain and discomfort. The physician recommended further physical therapy, moist heat, massage, and medosonlator therapy three times a week.
The orthopedic surgeons concluded that plaintiff sustained a 10% to 15% disability of the body as a whole even after "maximum medical benefit." Furthermore, the uncontradicted medical testimony indicated that Cariere would experience moderate discomfort in the future after bending, heavy lifting, stress and strain.
Cariere testified that he has to wear a brace to relieve pain anytime he exerts himself. Examples of exertion causing pain are: (1) mowing the yard; (2) four frames of a bowling game; (3) carrying his camera bag, and (4) picking up a 25 pound bag of dog food. Plaintiff further stated that he also experiences pain with changes in the weather.
With regard to appellate review of the broad discretion granted the trier of fact in an award of general damages, initial inquiry must always be directed to whether the award for the particular injuries and their effect upon the particular injured person is a clear abuse of that discretion. It is only after an articulated analysis of the facts discloses an abuse of discretion that, on appellate review, the award may be considered either excessive or insufficient. Also, it is only after such a determination that consideration of prior awards for similar injuries is appropriate. Reck v. Stevens, 373 So.2d 498 (La.1979).
Based on our examination of the record, we conclude the trial judge erred when he found that Cariere failed to mitigate his damages by following the doctors' recommendations and that the disability will not affect the plaintiff's activities once he attains a state of maximum medical benefit. The evidence is clear that he will experience pain from lower levels of exertion than previously would have caused him distress. Some of the pain is associated with the pursuit of photography which plaintiff is actively following as a livelihood. The record is devoid of evidence that he did not follow his doctors' orders.
Based on the foregoing, we conclude that the trial judge abused his discretion in awarding plaintiff only $18,000. Our next inquiry is to determine the lowest award which we could reasonably have affirmed. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Cariere argues that we should consider cases involving back surgery. After examining these cases, we find that most are not analogous because of the additional pain and attendant problems involved with back surgery. Furthermore, most of them also involved disc injuries with different resulting disabilities.
The cases that we find helpful are: Sutton v. Langley, 330 So.2d 321 (La.App. 2d Cir.1976); Watson v. Hartford Accident & Indemnity Co., 339 So.2d 480 (La.App.2d Cir.1976); and Miller v. Chicago Insurance Co., 320 So.2d 134 (La.1975). All three involved compression fractures of vertebrae, varying time in a back brace, and injuries sustained by young people. They concerned victims who were not subject to constant pain but who experienced moderate pain after stress produced by continuing their every day activities.
In 1976, this court affirmed an award for $18,000 in general damages to a 20 year old who experienced a compression fracture of his fourth lumbar vertebra and "possible fractures of other vertebrae." Watson, supra, at 481. He maintained an active lifestyle even though his disability was rated at 25%. There was no evidence of any pain or discomfort after two months and he received no further treatment after that time. We note that in the case before us Cariere was hospitalized a second time after *870 five months and has experienced pain on numerous occasions. Cariere has two compression fractures whereas Watson only had one.
Also in 1976, this court affirmed an award for $41,100 in general damages to a high school girl who sustained a compression fracture of two thoracic vertebrae. However, she also suffered a severed nerve in her foot which caused her to forego a career in music. Sutton, supra. Cariere has not had to give up photography and did not suffer nerve damage or lacerations.
In 1975, the Louisiana Supreme Court affirmed an award of $41,000 to a minor who had a compression fracture of two vertebrae in her lower back. She had 20% resulting disability and moderate pain from strenuous activity. She had to have root canal work on one of four teeth loosened in the accident. This was a front tooth and was likely to discolor. Miller, supra.
Considering the relative severity of the three cases in relation to this case and the relative value of the dollar, we find that the lowest award that we could affirm would be $35,000.
For the reasons stated, the judgment of the district court is amended by increasing it to $35,000 and, as amended, the judgment is affirmed. Costs of appeal are assessed to appellee.