656 So.2d 756 (1995)
Denman TARTAR
v.
Samuel HYMES, Sr., Louisiana Power & Light Company and ABC Insurance Company.
No. 94-CA-758.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1995.
*757 Jacob J. Amato, Jr., Lisa A. Dunn, Amato & Creely, Gretna, for plaintiff/appellee, Denman Tartar.
Caleb H. Didriksen, Roberta Fret, Didriksen & Carbo, New Orleans, for defendants/appellants, Samuel Hymes, Sr. and Louisiana Power & Light Co.
Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
The defendants, Samuel Hynes and Louisiana Power and Light Company, appeal from the judgment of the trial court finding them liable to plaintiff for damages sustained as a result of a traffic accident. We affirm.
On June 23, 1990 plaintiff, Denman Tartar, was involved in an automobile accident with Samuel Hynes, Sr., a Louisiana Power and Light Company ("LP & L") employee. At the time, Hynes was acting in the course and scope of his employment with LP & L. Hynes testified that he was travelling on West Cazqzu Street in Buras, Louisiana. He stopped at the stop sign located at the intersection of Plaquemines Highway 11. He did not see anything so he proceeded into the intersection where he struck plaintiff's truck. Deputy Davis, who investigated the accident, determined that it was caused by Hynes' failure to yield at the stop sign.
Mr. Tartar initially sought treatment for back pain three days after the accident. He was treated by a series of doctors for over one year and ultimately underwent surgery consisting of a spinal fusion.
After a trial on the merits, the court found that plaintiff had proved, by a preponderance of the evidence, that defendant was at fault in the cause of the accident and that the accident caused plaintiff's back injury. The trial court awarded general damages of Two Hundred Fifty Thousand and No/100 ($250,000.00) Dollars and special damages of Thirty-Seven Thousand Seven Hundred Forty and 19/100 ($37,740.19) Dollars.
On appeal, defendants argue that the trial court erred in finding that the plaintiff proved that his back injury was caused by the accident and not by a pre-existing defect. The defendants also allege that the trial court erred in admitting evidence of plaintiff's medical bills into evidence. Defendants further argue that the award of damages is excessive.

ANALYSIS
Appellants do not dispute the finding that Mr. Hynes was at fault in the cause of the accident. The appellants contend in their first two assignments of error that the trial court erred in finding that the accident was the cause of Mr. Tartar's back problems, instead of finding that plaintiff had a pre-existing spinal defect which caused his back injury. Whether an accident caused a person's injuries is a question of fact which should not be reversed on appeal in the absence of manifest error on the part of the trial court. Mart v. Hill, 505 So.2d 1120 (La.1987). One of the most recent expressions of the Louisiana Supreme Court regarding the applicable standard of review of cases of this type was set forth by the Louisiana Supreme Court in Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112 (La. 7/5/94), 639 So.2d 216, 220:
In Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), this Court held that the court of appeal should not upset the factual findings of a trial court absent manifest error or unless clearly wrong. A proper review, therefore, cannot be "completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record established that the finding is not clearly wrong." Id. at 1333. More recently, regarding this constitutional appellate review of fact in civil cases, La. Const. art. 5, Sec. 10, we have had occasion to say in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), a case which involved the review of damages, that "the discretion vested in the trier of fact is `great,' and even vast," and in Stobart v. State, 617 So.2d 880, 882-83 (La.1993), which involved the standard of review of findings of fact, a "court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of *758 `manifest error' or unless it is `clearly wrong,'" and "where two permissible views of the evidence exists, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Id. In each of these cases there was but a perpetuation of the principle set down in Arceneaux.

Notwithstanding the Court's earlier guidance to reviewing courts in Stobart v. State through DOTD, 617 So.2d 880 (La. 1993), it was not our purpose in that case to mandate that the trial court's factual determinations cannot ever, or hardly ever, be upset. Although deference to the factfinder should be accorded, the court of appeal, and the Louisiana Supreme Court, nonetheless have a constitutional duty to review facts. [Louisiana Constitution of 1974, article 5, Sec. 5(C) and 10(D) ] Of course, the reviewing court may not merely decide if it would have found the facts of the case differently. Rather, notwithstanding the belief that they might have decided it differently, the court of appeal should affirm the trial court where the latter's judgment is not clearly wrong or manifestly erroneous. Because the court of appeal has a constitutional function to perform, it has every right to determine whether the trial court verdict was clearly wrong based on the evidence, or clearly without evidentiary support.
[Emphasis supplied].
In this case, Mr. Tartar alleged that the automobile accident of June 23, 1990 caused his back injury or aggravated a pre-existing asymptomatic back condition. In a tort action, plaintiff bears the burden of proving by a preponderance of the evidence both the injury and a causal connection between the injury and the tort. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). A plaintiff is aided in his burden of proof by the presumption set forth in Dabog v. Deris, 625 So.2d 492 (La.1993); Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La.1977); and Housley v. Cerise, 579 So.2d 973 (La.1991) on rehearing:
A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
Furthermore, the Louisiana Supreme Court stated in Lasha v. Olin Corp., supra at 1005:
The defendant's liability for damages is not mitigated by the fact that the plaintiff's pre-existing physical infirmity was responsible in part for the consequences of the plaintiff's injury by the defendant. It is clear that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct.
The testimony in this matter established that at the time of trial plaintiff was 43 years old and that he owned several franchises/stores. Plaintiff admitted that he had a birth defect involving his lower spine (spondylolisthesis) in that he was missing one vertebrae. Prior to the accident, plaintiff's condition was asymptomatic: he had had no serious pain or difficulty with his back and he had never missed a day of work as a result of back pain. Prior to the accident, plaintiff worked sixty to seventy (60-70) hours and six to seven (6-7) days a week. Previous jobs had included carrying heavy equipment and climbing stairs.
After the accident, plaintiff suffered severe pain in his back and pain in his legs. He also had some problems with his bowels and with urination. He had to hire someone to manage his businesses. Furthermore, he could no longer engage in physical activities such as hunting, fishing, waterskiing or playing ball with his teenage son.
Mr. Tartar further testified that he was treated by a succession of doctors for one year, during which time he was advised that surgery was necessary. Hoping to avoid surgery, Mr. Tartar ultimately sought treatment from Dr. Whitecloud, after seeing a television show in which Dr. Whitecloud stated that surgery was to be performed only as a last *759 resort. However, Dr. Whitecloud also advised surgery and plaintiff eventually agreed.
Dr. Whitecloud, an orthopaedic surgeon, testified that he examined plaintiff and diagnosed spondylolisthesis, and slippage forward of the vertebrae. He performed a spinal fusion in April 1992. At the trial, Dr. Whitecloud testified that the results of the surgery were satisfactory and he also testified that he could not determine whether or not the trauma of the accident caused the injury.
Hospital records of examinations conducted on Mr. Tartar at Ochsner Hospital in 1981 and 1985 were introduced into evidence. Dr. Thomas Duncan, an orthopaedic surgeon, testified that he examined Mr. Tartar in 1981. At that time, Dr. Duncan observed that plaintiff's spinal column had a spondylolisthesis (bone defect) but it had no spondylolisthesis (an abnormal slippage of the bone).
Dr. Marshall Cortez, an internist, testified that he examined plaintiff in 1985. At that time, plaintiff complained of back pain; however, since plaintiff was able to water ski and play football, he determined that the pain was not severe enough to warrant further study.
Dr. James Williams, an orthopaedic surgeon, examined plaintiff at the request of the defense. He reviewed the medical records and opined that the spondylolisthesis (the abnormal slippage) occurred between the ages of 10 and 20 and was present prior to the accident. On cross-examination, however, he admitted that plaintiff's condition could have been asymptomatic prior to the automobile accident and that the trauma of the accident could have produced the onset of pain.
After consideration of all the evidence in this matter, the trial court concluded that:
The medical testimony established that Denman Tartar had a pre-existing spondylolythesis (sic) condition which was asymptomatic until the trauma of the accident.
The trial judge also said:
... plaintiff, Denman Tartar, has sustained his burden of proof by a preponderance of the evidence.
From a review of the evidence, and following the expressions on this subject by the Supreme Court in the well established jurisprudence quoted earlier herein, we find that these conclusions are perfectly permissible views of the evidence presented and, accordingly, we find no manifest error in this determination.
In their third assignment of error, the defendants allege that the trial court erred in allowing into evidence plaintiff's medical expense summary of medical bills and prescription bills and in awarding those amounts to the plaintiff. At the trial of this matter, defendants argued the following:
Q. And is thiswould you look throgh (sic) that and see if that appears to be the bills and for which doctors that you incurred because of this particular accident.
MR. DIDRIKSEN (for the defendants):
Your Honor, I object to this in globo. I think this has to be done bill by bill to have adequate proof for each bill they want to prove up as part of the damages. So I object to the question and ask him in globo
THE COURT:
What is this, like a summary
MR. AMATO:
It's a summary of all the bills with copies. Every bill that's listed hasevery bill that is listed on the summary has a bill from that particular person, that Mr. Tartar received a bill and it has been paid.
MR. DIDRIKSEN:
We dispute whether all of this was related to the accident, and we
THE COURT:
Well, it's Plaintiff's duty at sometime during the trial to relate al of this. And, certainly, a summary is admissible or is, under the new Code, he can present a summary to the Court to make the matter a little more precise.
The objection is overruled.
Go ahead.
* * * * * *

*760 Q. And could you tell us what the total number of prescription medicine is that you purchased from the pharmacies?
MR. DIDRIKSEN:
Your Honor, I renew my objection. These prescriptions further point out that things that he was getting medical care for having nothing to do with his back and his injury, and I don't believe that this is sufficient proof under the Code or under the law that any of the things that's listed on the summary have anything to do with this accident. I think that's something that only the medical care providers can establish with any degree or medical certainty.
THE COURT:
Well, I'm sure he's going to ask the doctors did they prescribe medicine or they didn't. And on cross-examination you can certainly ask him whether these are associated with his back. And you can cross-examine the doctors, also.
All right, the objection is overruled.
A reading of the transcript reflects that the defendants objected at the trial to the admission of this evidence on the grounds of relevancy, alleging that plaintiff had failed to prove that each and every bill was related to the accident. On appeal, defendants contend that this evidence constituted hearsay because the doctors authorizing such medical treatment did not testify and, therefore, plaintiff did not lay the proper foundation for its admission. However, as noted, defendants did not raise this particular objection at trial, nor did they renew later on the foregoing objection which was overruled at that time for the reasons given by the trial judge in the foregoing colloquy.
Louisiana law clearly provides that a party must make a timely objection to evidence which he considers to be inadmissible and must state the specific ground for the objection. C.E. Art. 103; C.C.P. art. 1635. The reason for this rule is to afford the trial court the opportunity to prevent or correct prejudicial error. Tutorship of Price v. Standard Life Ins. Co., 569 So.2d 261 (La. App. 2 Cir.1990). An appellate court will, therefore, not consider a ground for objection different from the ground raised at trial. Tutorship of Price, supra; McLaughlin v. Fireman's Fund Insurance Company, 549 So.2d 327 (La.App. 1 Cir.1989).
We agree with this reasoning by the First and Second Circuits and accordingly, we will not review the defendants' allegation that the medical bills constituted hearsay because it raises a different ground for the objection than that given at trial. W.L. Somner Co., Inc. v. Pacific-Atlantic Oil Co., 522 So.2d 1335 (La.App. 2 Cir.1988).
Defendant also argues that the plaintiff failed to prove that the bills were incurred as a result of the accident. As discussed supra, the trial court found that the plaintiff had a pre-existing spondylolisthesis condition which was asymptomatic prior to the accident. The evidence of the plaintiff and the various testifying medical professionals, as well as the records themselves, reflect that the medical treatment was incurred subsequent to the accident and to treat the condition of spondylolisthesis and the pain which was caused by the trauma of the accident. Thus, the evidence reasonably connects the medical bills to the accident. Compare Fowler v. Roberts, 526 So.2d 266 (La.App. 2 Cir.1988). We observe also that the trial judge, from his conclusions quoted above and from his reasons for judgment, was obviously satisfied that the prescription bills were related to treatment made necessary by the accident and we can find no manifest error here.
Accordingly, we find this allegation of error to be without merit.
Defendants lastly urge that the award of Two Hundred and Fifty Thousand and No/100 ($250,000.00) Dollars for general damages is excessive.
In Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340-1341 (La.1993) the Louisiana Supreme Court said:
Our jurisprudence has consistently held that in the assessment of damages, much discretion is left to the judge or jury, and upon appellate review such awards will be disturbed only when there has been a clear abuse of that discretion, Coco v. Winston Industries, Inc., 341 So.2d 332 *761 (La.1977). And, "[i]t is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review be considered either excessive or insufficient," Reck v. Stevens, 373 So.2d 498, 501 (La.1979). Appellate courts review the evidence in the light which most favorably supports the judgment to determine whether the trier of fact was clearly wrong in its conclusions. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Before an appellate court can disturb the quantum of an award, the record must clearly reveal that the jury abused its discretion. In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. Only after analysis of the facts and circumstances peculiar to the particular case and plaintiff may an appellate court conclude that the award is inadequate. See Reck v. Stevens, supra; Cariere v. State Farm Insurance Co., 467 So.2d 867 (La.App. 2d Cir.1985).
Prior awards under similar circumstances serve only as a general guide. If the appellate court determines that an abuse of discretion has been committed, it is then appropriate to resort to a review of prior awards, to determine the appropriate modification of the award. In such review, the test is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. See Reck v. Stevens, supra; Wactor v. Pickens Lumber Co., 505 So.2d 815 (La.App. 2d Cir.1987), writ denied, 508 So.2d 827 (La. 1987). In instances where the appellate court is compelled to modify awards, the award will only be disturbed to the extent of lowering or raising an award to the highest or lowest point which is reasonably within the discretion afforded the trial court. American Motorist Insurance Company, Inc. v. American Rent-All, 579 So.2d 429 (La.1991); Scott v. Hospital Service District No. 1 of the Parish of St. Charles, 496 So.2d 270 (La.1986); Carollo v. Wilson, 353 So.2d 249 (La.1977); Coco v. Winston Industries, Inc., supra.

This court recently considered the standard of appellate review of general damages awards in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993); the majority opinion contains the following commentary of the interpretation and application of the controlling legal precepts:
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
[Emphasis supplied].
In this case, the trial judge concluded and stated in his reasons for judgment that Mr. Tartar's condition was asymptomatic prior to the accident. As a result of the trauma sustained in the accident, he suffered much pain in his back and legs and difficulty with his bowels and with urination. Additionally, Mr. Tartar was required to undergo serious surgery consisting of a fusion of the last two vertebrae and decompression of the nerve roots.
During the course of the surgery, two plates and four bolts were placed in Mr. Tartar's spine, and bone was cut from his right pelvis to fuse to the spine. He spent six days in the hospital and was required to utilize a walker for one month. The surgery requires an eleven inch incision and the staples closing the incision remained in place for eight weeks. Plaintiff was also required to wear a body brace for six months.
*762 Prior to the accident Mr. Tartar worked 60-70 hours per week with the four businesses and franchises which he owned. He was obligated to hire someone for one year after the accident to manage these businesses. As of the date of trial, he was not enthusiastic about his businesses as he had been in the past.
In the three years since the accident until the trial, Mr. Tartar has suffered much pain and discomfort, both physical and mental, and he continues to suffer at the time of trial such pain despite the surgery. We observe also that Mr. Tartar was in much pain for well over one year while he attempted to resolve his condition with non-surgical means and that he considered surgery a last resort.
After the surgery, plaintiff continued to feel "grinding" in his back. He also stated that he was told by Dr. Whitecloud's associate that he faces two possible future surgeries, one for another fusion and/or one to remove the hardware in his back. Furthermore, Mr. Tartar testified that he can no longer enjoy the recreational activities in which he once participated which included sports (including waterskiing), hunting, fishing and teaching his teenage son how to water ski.
After careful review, and in view of the above-stated observations, we conclude that, as a result of the accident, plaintiff suffered great pain and physical and mental anguish over a long period of time which continues to the present and that he will suffer in the future and may well need further surgery. Therefore, we are of the firm opinion that the trial court did not abuse its greatand vastdiscretion in this award and we decline to modify it.
Appellants have requested that we compare the damages award given in this case with prior awards given in other cases involving similar injuries. However, in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), the Louisiana Supreme Court stated that it "disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case. Citing Reck v. Stevens, 373 So.2d 498 (La.1979)." The court further said that it is only after the reviewing court finds an abuse of the trial court's vast discretion in setting an award of damages can it then "resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion." Citing Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Because we do not find an abuse of the vast discretion afforded the trial court in setting the award for damages in this case, we cannot resort to a review of prior awards to determine whether or not the award in this case is excessive.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against defendants/appellants.
AFFIRMED.