laCANNELLA, Judge.
In an automobile accident suit, plaintiff, Theresa Giambrone, appeals the amount of damages awarded against defendants, Kimberly Miller (Miller) and her insurer, Allstate Insurance Company. We affirm.
The liability of Miller is not contested on appeal. On September 9, 1994, the left lane of Clearview Parkway in Metairie, Louisiana was closed for repairs and marked by cones. Miller was traveling in the right lane, but entered the left lane through an opening in the cones with the intention of turning left on Hastings Street. Plaintiff was also traveling in the right lane at that time on her way to work as a teacher’s assistant at a school located on Hastings Street. Recognizing that the left lane was closed, she turned left on Hastings Street from the right lane in front of defendant. The cars collided, resulting in minor damage to the cars. No one reported injuries immediately following the accident. The next day, plaintiff returned to take photographs of the scene and later sought medical treatment for neck and chest pain.
On March 23, 1995, plaintiff filed suit in First Parish Court in Jefferson Parish for personal injuries related to the accident. A judge trial was held on ^September 20,1995. The trial judge found in favor of plaintiff, awarding her $1000 in general damages and $767.15 for medical expenses. Subsequently, plaintiff filed a motion for new trial and a motion to fix the expert fees of Dr. Bernard Manale. The trial judge denied the motion for new trial and fixed medical expert fees for Dr. Manale at $300.
On appeal, plaintiff argues that the trial judge abused his discretion in the award for general damages.
*54 Plaintiff testified that she awoke the morning after the accident suffering from stabbing pain and a bruised feeling in her chest, but she did not seek medical attention for six days. On September 15, 1994, plaintiff .went to a family orthopedist, Dr. John O’Keefe. According to the evidence, he found slight restriction in flexion and lateral tilting of her neck and a mild degree of discomfort. He noted tenderness over the right scapula, anterior rib cage and front of the chest. X-Rays were normal. Dr. O’Keefe diagnosed plaintiff with mild to moderate cervical strain and contusion of the anterior chest wall. He prescribed an anti-inflammatory and told her to return in four weeks. On November 9, 1994, plaintiff went to Dr. O’Keefe’s partner, Dr. Bernard Manale, whose office was more convenient. She had mild pain, no spasms and normal flexion. He changed her medication because of intolerance and prescribed a cervical pillow. She was to return in six weeks. Plaintiff returned to Dr. Manale in February of 1995, twelve weeks later, complaining of tightness in her neck and upper shoulder area, which worsened during the day. Dr. Manale wanted plaintiff to get a magnetic resonance- imaging (MRI) test to try to discover the source of her continued complaints. Plaintiff did not get the test because she asserted that she is claustrophobic. The doctor did not know if she told him that and no other tests were recommended.
Plaintiff did not return or seek other medical treatment, but claims she continues to have discomfort in her neck, depending upon her activity level. She | ¿testified that the pain level decreased from a “nine” to a “five”, on a scale of one through ten, over the course of the year between the accident and trial. Plaintiff said that, during that time, she took Advil and some sample prescription anti-inflammatory medications, but discontinued them because they upset her stomach.
Plaintiffs internist, Dr. Kenneth Combs, also testified. He saw plaintiff first in 1992 for headaches and nausea related to stress. Dr. Combs testified that he saw her again in 1993 with an upper respiratory infection and again in November of 1994, a month after the accident. He stated that plaintiff complained of general malaise, tightness in her chest, dizziness, headaches and a flushed feeling. She said that these symptoms had been recurring off and on since 1993. She told him that she was under a lot of stress and was feeling depressed. However, plaintiff did not inform Dr. Combs about the accident or her neck complaints, although Dr. Combs could have treated her for her neck strain. Plaintiff testified that she has mitral valve prolapse, a condition that causes the heart valve to flutter, but Dr. Combs was unaware of it. He said it would have been helpful to know about the accident in treating her for her other complaints.
The appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). Before an award of damages can be modified by the appellate court, the court must determine that the trier of fact abused its great discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993); Youn v. Maritime Overseas Corp., 623 So.2d at 1261; Tartar v. Hymes, 94-758 (La.App. 5 Cir. 5/30/95); 656 So.2d 756, 760-761.
... “[i]t is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review be considered either excessive or insufficient,” Reck v. Stevens, 373 So.2d 498, 501 (La.1979) ... In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. Only after analysis of the facts and circumstances peculiar to the particular case and plaintiff may an appellate court conclude that the | gaward is inadequate. See Reck v. Stevens, supra; Cariere v. State Farm Insurance Co., 467 So.2d 867 (LaApp. 2d Cir.1985).
Theriot v. Allstate Ins. Co., 625 So.2d at 1340.
When the court decides that the award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances, the appellate court should increase or reduee the award. Youn v. Maritime Overseas Corp., 623 So.2d at 1261 (La.1993); Tartar v. Hymes, 656 So.2d at 760-761. But the court can only raise (or lower) the award to the highest (or lowest) point which is reasonably *55 within the discretion afforded the trial court. Theriot v. Allstate Ins. Co., 625 So.2d at 1340; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
In this ease, the trial judge stated in oral reasons following trial and the hearing on the motion for new trial that plaintiff failed to convince him that she suffered continuing pain requiring a general damage award greater than $1000. He relied heavily on plaintiff failing to inform Dr. Combs about her neck pain or the accident. She contends that she did not tell Dr. Combs because she went to him for other reasons and she was being treated by her orthopedist for the accident injuries. Thus, she saw no necessity to disclose the accident and neck pain to Dr. Combs. The trial judge did not find this argument persuasive. He noted that plaintiff went to Dr. Combs during the time that she claimed to have pain in her neck every day. He felt it was not logical that she would withhold this information from Dr. Combs. In addition, she complained to Dr. Combs about tightness in her chest, among the other things, which was one of the complaints she made to the orthopedists. Based on this evidence, we find that the trial judge did not abuse his discretion in the award of damages.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellant.

AFFIRMED.